[No. F018806. Fifth Dist. Aug. 19, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
IRVIN JAMES PARNELL, Defendant and Appellant.

### COUNSEL

Linda Kelly, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Edmund D. McMurray and Jesse Witt, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**FRANSON, J.**[*]—Pursuant to a plea bargain, appellant was convicted of rape (Pen. Code, § 261, subd. (a)(2)) and sentenced to eight years in prison. In a previous appeal (F015491) appellant contended the trial court failed to provide a hearing when appellant requested new counsel. (See *People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44].) This court agreed, and in an unpublished opinion remanded the matter as follows: "The matter is remanded to the trial court for the limited initial purpose of the court conducting a *Marsden* hearing to allow defendant to state reasons for desiring the appointment of new counsel. If the court determines that good cause for appointment of new trial counsel has been shown, the judgment is reversed, and the court shall appoint new counsel and reset the matter for trial. Conversely, if the court determines that good cause has not been shown, the judgment is affirmed."

Remittitur was filed in the trial court on June 23, 1992. Pursuant to a September 14, 1992, order of the trial court, the *Marsden* hearing was scheduled for September 24, 1992. At the request of the defense, the hearing was continued to October 1, 1992. On the court's own motion, the hearing was continued to October 2, 1992.

At the October 2, 1992, hearing, appellant moved to dismiss pursuant to Penal Code section 1382, subdivision (a)(2) (hereafter section 1382(a)(2))[1], contending the matter should have been heard within 60 days after the remittitur was filed. The court denied the motion on the basis appellant had not been prejudiced by the delay. The court also denied the *Marsden* motion

---

[*]Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.

[1]Section 1382(a)(2) provides in relevant part:

"(a) The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases:

". . . . . . . . . . . . . . . . . . . . . . . . . . . ."

and, pursuant to our directive, announced, "I'm affirming the judgment previously entered by this Court."

■ Appellant's sole contention on the present appeal is that the motion to dismiss should have been granted. He contends his case was "to be tried again following . . . an appeal from the superior court" and therefore trial had to begin "within 60 days . . . after the filing of the remittitur" in the trial court. (§ 1382(a)(2).) In appellant's view, it is irrelevant that this right to retrial was contingent upon making a sufficient showing at the *Marsden* hearing. Appellant argues this circumstance merely required that the contingency be resolved within the 60-day period following remand, so that any retrial could be timely.[2]

Appellant's argument fails to give sufficient significance to our disposition of the earlier appeal. The disposition ordered in F015491, namely, remand for a *Marsden* hearing, was the entire relief to which appellant was entitled. The right to a new trial, had appellant been entitled to such a trial, would have arisen as a consequence of his showing at the hearing we ordered; no such right to retrial ever came into existence.[3]

■ Appellant did have a constitutional right to a timely hearing pursuant to our remittitur, however. (See Cal. Const., art. I, § 15.)[4] As we discuss below, whether appellant was deprived of that right to a timely hearing depends upon appellant's showing of prejudice, and there is no such showing on this appeal.

In *Sykes* v. *Superior Court* (1973) 9 Cal.3d 83 [106 Cal.Rptr. 786, 507 P.2d 90], the defendant had obtained a writ of habeas corpus directing the trial court to vacate the judgment entered on defendant's guilty plea and to rearraign defendant and enter a new plea. After 228 days, and after defendant had been released on parole, there still had been no further proceedings in the trial court. Defendant moved to dismiss pursuant to the predecessor of section 1382(a)(2). (See *Sykes, supra,* at p. 88.) The motion was denied and defendant sought relief by petition for writ of mandate.

---

"(2) When a defendant is not brought to trial in a superior court . . . , in case the cause *is to be tried again* following . . . an appeal from the superior court, within 60 days . . . after the filing of the remittitur in the trial court, . . ." (Italics added.)

[2]Appellant does not contend the *Marsden* hearing itself should be deemed a "trial" for purposes of section 1382(a)(2).

[3]Accordingly, appellant would have had a right to a new trial within 60 days after a *Marsden* motion *was granted* under the portion of section 1382(a)(2) calling for such a hearing within 60 days after "entry of [an] order granting the new trial." In the same manner, section 1382(a)(2) requires a trial within 60 days after a writ "which, in effect, grants a new trial," but it does not impose the 60-day requirement on the hearing on the writ petition itself.

[4]Appellant does not contend there was a speedy trial violation under the federal Constitution. (See *Barker* v. *Wingo* (1972) 407 U.S. 514 [33 L.Ed.2d 101, 92 S.Ct. 2182].)

The Supreme Court held that the language of the predecessor statute governing speedy retrial after an appeal was inapplicable when defendant has obtained relief by habeas corpus.[5] ■ Nevertheless, "the provision of our Constitution which guarantees a criminal defendant a speedy trial is self-executing and not dependent on statutory implementation." (*Sykes* v. *Superior Court, supra,* 9 Cal.3d at p. 89.) The Supreme Court deemed defendant's motion as one invoking this constitutional speedy trial right. (*Ibid.*)

In construing the constitutional right to speedy trial, the court said: "In our view section 1382 constitutes a legislative endorsement of dismissal as a proper judicial sanction for violation of the constitutional guarantee of a speedy trial and as a legislative determination that a trial delayed more than 60 days is prima facie in violation of a defendant's constitutional right." (*Sykes* v. *Superior Court, supra,* 9 Cal.3d at p. 89, fn. omitted.) ■ Subsequent cases have established that reversible error under the self-executing provisions of California Constitution, article I, section 15 may be found only where prejudice from the delay outweighs the justifications[6] for the delay. (See, e.g., *Serna* v. *Superior Court* (1985) 40 Cal.3d 239, 249 [219 Cal.Rptr. 420, 707 2d 793]; *Gallenkamp* v. *Superior Court, supra,* 221 Cal.App.3d at p. 14.)

■ In the present case appellant made no attempt to establish prejudice when arguing the dismissal motion in the trial court. No such prejudice appears in the record. In particular, the delay was only about one month, appellant and his trial counsel were both available at the *Marsden* hearing, and neither of them claimed any loss of memory or other inability to present relevant evidence.

Appellant argues he was prejudiced because, if the court had granted the section 1382(a)(2) motion, the charges would have been dismissed, a result "more favorable to appellant." This argument misconstrues the prejudice requirement.

It is obvious that denial of any motion to dismiss criminal charges prejudices the defendant in the sense that he still has criminal charges pending against him after the motion is denied. But the showing of prejudice required in a constitutional speedy trial motion is prejudice that deprives defendant of a fair adjudication on the merits. (Compare *Serna* v. *Superior*

---

[5]Penal Code section 1382 was subsequently amended to address the collateral writ situation. (5 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Trial, § 2582, pp. 3094-3095.)

[6]Where there is no showing of prejudice, the prosecutor is not required to establish good cause for the delay. (*Gallenkamp* v. *Superior Court* (1990) 221 Cal.App.3d 1, 17 [270 Cal.Rptr. 346].) Our record does not contain any explanation for the delay.

*Court, supra*, 40 Cal.3d at p. 250; cf. *People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 529 [165 Cal.Rptr. 851, 612 P.2d 941].) Appellant does not suggest the existence of any such prejudice; he has not established a right to dismissal.

DISPOSITION

The judgment is affirmed.

Martin, Acting P. J., and Thaxter, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 17, 1993.