[Crim. No. 19733. First Dist., Div. Four. July 29, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERT C. BRUSELL, Defendant and Respondent.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Clifford K. Thompson, Jr., and Tiffany Rystrom, Deputy Attorneys General, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Quin Denvir, State Public Defender, and Eric S. Multhaup, Deputy State Public Defender, as Amici Curiae on behalf of Defendant and Respondent.

OPINION

**CHRISTIAN, J.**—The People appeal from an order dismissing for lack of speedy trial an information charging respondent Robert C. Brusell with burglary (Pen. Code, § 459).

On May 17, 1978, respondent was arrested by Sonoma County authorities for several burglaries. He admitted that in Marin County he had committed another burglary. A complaint alleging the Marin County burglary was filed on May 25, 1978, and a warrant for respondent's arrest was issued. Respondent was served with the Marin County warrant on June 15, 1978, while he was still in jail pending disposition of the Sonoma County charges.

On July 17, 1978, while respondent was still awaiting trial in Sonoma County, he was released to the custody of his father and went to Riverside for the purpose of having surgery. While he was in Riverside

appellant perpetrated a burglary. He was convicted of the Riverside burglary on November 9, 1978. The court admitted him to 2 years' probation conditioned on a term of 180 days in the Riverside County jail, less credit for 115 days' time already served.

Respondent was surrendered to Sonoma County authorities on December 2, 1978. On February 5, 1979, on the Sonoma County charges, he was admitted to 3 years' probation with 180 days in jail, less credit for 120 days' time already served. He was released to Marin County authorities on March 6, 1979. An information charging the Marin County burglary was filed on April 4, 1979. Respondent moved for dismissal of the action for denial of the right to a speedy trial; the motion was granted.

The trial court's order of dismissal was made on May 4, 1979. The People filed a notice of appeal on May 30. The Clerk of the Marin County Superior Court served respondent's trial counsel, the Marin County Public Defender, with a notice of the filing of the notice of appeal. On August 30, 1979, trial counsel informed this court that respondent had not been located and stated that trial counsel would be unable to represent respondent on the present appeal. This court declined trial counsel's subsequent request for leave to represent respondent, because respondent had not asked for court-appointed counsel. The State Public Defender, however, was permitted to assert respondent's rights by appearing as an amicus curiae.

■ The State Public Defender does not argue the merits of the appeal, but requests that this court hold the People's appeal in abeyance until the People have served respondent personally with the notice of appeal, on the basis that respondent was not informed of the possibility and consequences of a People's appeal and is inferably unaware of the present appeal. Respondent has not filed a brief. The State Public Defender argues that respondent should have been informed of the possibility of a People's appeal by: (1) the prosecutor, who should have stated at the hearing on respondent's dismissal motion whether there was a possibility that it would appeal an adverse ruling; (2) the trial court, which should have informed respondent *sua sponte* of the People's right to appeal, either at the hearing or in the subsequent dismissal order; and (3) defense counsel, who should have informed respondent of

the possibility of appeal, or told respondent to maintain contact during the time for appeal, or immediately obtained from respondent a request for appointment of appellate counsel.

The trial court must inform a defendant of *his* right to appeal and to have counsel appointed by the reviewing court (Cal. Rules of Court, rule 250), and appellate courts retain the inherent power to protect constitutional rights where a defendant is deprived of the right to appeal (*People v. Baltor* (1978) 77 Cal.App.3d 227, 232 [143 Cal.Rptr. 478]). But no judicial or legislative authority requires the court or the prosecutor to inform a defendant of the *People's* right to appeal. The only notification required is that specified in California Rules of Court, rule 31(c): "The clerk of the superior court shall forthwith mail...notification of the filing of the notice of appeal to each party other than the appellant.... The failure of the clerk to...give such notification shall not affect the validity of the appeal." Furthermore, the Marin County Public Defender was still representing respondent as trial counsel when the court dismissed the action. Thus counsel's knowledge of the People's right to appeal and the possibility of such an appeal is imputable to respondent. (*Freeman v. Superior Court* (1955) 44 Cal.2d 533, 537-538 [282 P.2d 857]; *Mossman v. Superior Court* (1972) 22 Cal.App.3d 706, 711-712 [99 Cal.Rptr. 638].)

■ The trial court, in granting respondent's dismissal motion, rendered a "Minute Order" stating that respondent could have invoked Penal Code section 1381 when he commenced his jail term in Riverside because he was faced with the virtual certainty of a period in jail of more than 90 days, and that he was entitled to be given notice of his right to demand a trial pursuant to section 1381. The Attorney General argues that respondent did not come within the provisions of section 1381 because he had not been committed to and placed in the county jail for more than 90 days. Penal Code section 1381 provides, in pertinent part: "Whenever a defendant has been convicted, in any court of this state, of the commission of a felony or misdemeanor and...has been committed to and placed in a county jail for more than 90 days as a condition of probation...," he must be brought to trial or for sentencing in a pending criminal proceeding within 90 days after he demands such action. The purpose of section 1381 "is to permit a defendant to obtain concurrent sentencing at the hands of the court in which the earlier proceeding is pending, if such is the court's discretion." (*Boles v. Superior Court* (1974) 37 Cal.App.3d 479, 484 [112 Cal.Rptr. 286].)

Respondent did not come within the provisions of section 1381 when he commenced his jail term in Riverside, because at that time he had not been "committed to and placed in" Riverside County jail for more than 90 days. He received 2 years' probation for the Riverside burglary on the condition that he serve 180 days in any penal institution in the state, but he was credited with 115 days' time already served. He thus was actually "committed to and placed in a county jail" for only 65 days upon his conviction. This construction of section 1381 is consistent with the purpose of the statute, which is to permit a defendant to obtain concurrent sentencing. Where a defendant has less than 90 days to serve in county jail at the time of his conviction, a request to be brought to trial or for sentencing on other charges will not serve the purpose of the statute, since the request need not be acted upon before the defendant has completed his term of incarceration.

Moreover, even if respondent had come within the provisions of section 1381, he did not request to be brought to trial; thus he was not entitled to dismissal pursuant to its provisions. "Absent a request for trial, there is no particular starting date for such a 90-day period.... [¶] ...If the Legislature had wanted to provide for the commencement of the 90-day period by some fixed or determinable event or by the passage of a reasonable time under some conditions other than presently provided in the statute, it could easily have done so. Judicial establishment of such a change would be encroaching on the legislative power." (*People* v. *Cave* (1978) 81 Cal.App.3d 957, 964 [147 Cal.Rptr. 371].)

The trial court did not err when it concluded that respondent was entitled to be given notice of his right to demand a trial pursuant to section 1381. The court in *In re Mugica* (1968) 69 Cal.2d 516, 523-524 [72 Cal.Rptr. 645, 446 P.2d 525], held that a prisoner is entitled to be given notice of other charges pending against him: "While section 1381 is silent on the duty of the custodian to notify the prisoner of the receipt of a warrant or the filing of a complaint against him while incarcerated, the constitutional rights to be taken before a magistrate without unnecessary delay and to a speedy trial require that notice be given that a charge has been made against the prisoner within a reasonable time thereafter so that if he wishes to do so he may avail himself of the remedy provided therein. (See, e.g. Pen. Code, § 1389, art. III (d) [Interstate Agreement on Detainers] requiring that the official having custody of a prisoner promptly inform him of the source and contents of any detainer lodged against him and inform him of his right to make a

request for final disposition of any untried indictment, information or complaint.)" The court in *Mugica* did not expressly hold that the prisoner is also entitled to be given notice of his right to demand a trial. But Penal Code section 1389, the only statutory authority cited by the *Mugica* court, does require such notice, and the notification of pending charges and the right to demand a trial are indistinguishable with regard to "the constitutional rights to be taken before a magistrate without unnecessary delay and to a speedy trial. . . ." (69 Cal.2d at p. 524.)

Nevertheless, the failure of authorities to notify a defendant of the right to demand a trial does not in itself authorize dismissal pursuant to section 1381, just as failure to notify of pending charges does not authorize such dismisssal. (*People* v. *Cave, supra*, 81 Cal.App.3d 957, 964-965.) The appropriate course of action is for the court to adjudicate the claim of denial of the right to a speedy trial by applying the basic test for such a claim where no specific statute is involved: the court is to weigh the prejudicial effect of the delay against any justification for the delay.

Respondent thus was not entitled to dismissal pursuant to section 1381. He neither invoked nor was entitled to invoke the provisions of the statute by demanding to be brought to trial.

The record lacks substantial evidence supporting dismissal of the action pursuant to the basic constitutional test for a speedy trial claim where no specific statute is involved. This test requires the defendant to prove that delay resulted in actual prejudice; the prosecution then bears the burden of proving a legitimate justification for the delay, and if both prejudice and justification are shown the two factors are to be balanced by the court (*People* v. *Cave, supra*, 81 Cal.App.3d at p. 963). The trial court determined that the delay resulted in actual prejudice to respondent because of the loss of his right to the benefit of the concurrent sentence imposed in Riverside. But the periods of time remaining for respondent to serve in county jail after conviction on his Riverside offense (65 days) and his Sonoma County offenses (60 days) were too short to allow respondent to obtain imposition of concurrent sentencing in proceedings commencing in Marin County following these convictions. Moreover, there is no showing that it would have been feasible for

the Marin County authorities to proceed against respondent while prosecutions were still actively in progress in two other counties.

The order of dismissal is reversed.

Rattigan, Acting P. J., and Poché, J., concurred.

A petition for a rehearing was denied August 25, 1980, and the opinion was modified to read as printed above.