[No. AO24690. First Dist., Div. Five. Mar. 5, 1984.]

BALDOMERO CHAVEZ, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY et al.,
Respondents;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Sheldon Portman, Public Defender, and Michael W. Armstrong, Deputy Public Defender, for Petitioner.

No appearance for Respondents.

John K. Van de Kamp, Attorney General, and Martin S. Kaye, Deputy Attorney General, for Real Party in Interest.

**OPINION**

**LOW, P. J.**—We hold that Penal Code section 1381[1] means, in the part pertinent to this proceeding, exactly what it says. ■ If a defendant in a pending misdemeanor proceeding is sentenced to and enters upon a term of more than 90 days in a county jail in a different proceeding and thereafter delivers to the district attorney in the pending proceeding a request to be brought to trial within 90 days, he must be brought to trial within 90 days,

---

[1]In pertinent part, Penal Code section 1381 provides: "Whenever a defendant has been convicted, in any court of this state, of the commission of a . . . misdemeanor and . . . has been sentenced to and has entered upon a term of imprisonment in a county jail for a period of more than 90 days . . . , and at the time of the entry upon such term of imprisonment . . . there is pending, in any court of this state, . . . any criminal proceeding wherein the defendant remains to be sentenced, the district attorney of the county in which such matters are pending shall bring the same defendant to trial or for sentencing within 90 days after such person shall have delivered to said district attorney written notice of the place of his imprisonment . . . and his desire to be brought to trial or for sentencing unless a continuance beyond said 90 days is requested or consented to by such person, in open court, and such request or consent entered upon the minutes of the court . . . . In the event that the defendant is not brought to trial or for sentencing within the 90 days as herein provided the court in which such charge or sentencing is pending must, on motion . . . of the defendant . . . , dismiss such action. . . ."

even though less than 90 days of the jail term remain to be served at the time the request for trial is made.

Upon the facts before us, petitioner Baldomero Chavez is entitled to, but has been denied, a dismissal of misdemeanor charges pending against him. Accordingly, we issue the writ of mandate he seeks.

A drunk driving charge has been pending against Chavez in Santa Clara County Municipal Court since 1980. On November 18, 1982, he was sentenced, in an unrelated Alameda County action, to 120 days in the county jail and entered upon the term of imprisonment. His release date was to be January 29, 1983, if he paid a fine, or February 21, 1983, if not. On December 9, 1982 (less than 90 days before the later release date), Chavez received from the Alameda County Sheriff a notice that a detainer had been placed against him in the Santa Clara County drunk driving case. The notice form contained advice of Penal Code section 1381 rights and a form of section 1381 request for trial which Chavez executed on the same day. The request was received by the Santa Clara County District Attorney on December 14, 1982. Chavez has not been brought to trial, but the Santa Clara County Municipal Court has denied his motion to dismiss under Penal Code section 1381 and respondent superior court has denied his writ petition. We have exercised our discretion, upon Chavez' petition for writ of mandate, to review respondent superior court's judgment. (Code Civ. Proc., § 904.1, exception (4) of subd. (a).) Both Chavez and the People have briefed the issues and have waived oral argument.

Penal Code section 1381 entitled Chavez to a dismissal. He was convicted and sentenced to more than 90 days and entered into his term; he delivered the requisite written request to the district attorney; and he was not brought to trial within 90 days. We are not at liberty to otherwise construe unambiguous statutory language. (*In re Atiles* (1983) 33 Cal.3d 805, 811 [191 Cal.Rptr. 452, 662 P.2d 910].)

The People argue that "ambiguity is not always a necessary condition precedent to judicial interpretation in that ' "[t]he literal meaning of the words of a statute may be disregarded to avoid absurd results or to give effect to manifest purposes that, in the light of the statute's legislative history, appear from its provisions considered as a whole." ' [Citations.]" (*Leffel* v. *Municipal Court* (1976) 54 Cal.App.3d 569, 572 [126 Cal.Rptr. 773].) The People contend, and both lower courts appear to have concluded, that Penal Code section 1381 is not intended to apply to a situation in which a prisoner makes a request for trial when he has less than 90 days to serve. According to the People "the 'purpose of . . . section 1381 is to permit a defendant to obtain concurrent sentencing at the hands of the court in which

the earlier proceeding is pending.' *Boles* v. *Superior Court* (1974) 37 Cal.App.3d 479, 484 [112 Cal.Rptr. 286]. See *People* v. *Simpson* (1973) 30 Cal.App.3d 177, 181 [106 Cal.Rptr. 254]. That purpose is not served where the request for trial is received (this is the triggering date for the 90 days) when the defendant has less than 90 days on his imprisonment. In such a case he is released before the trial in the earlier proceeding can commence and he cannot receive the benefit the statute confers." In effect, the People ask this court to read into Penal Code section 1381 a requirement that a defendant, sentenced and imprisoned for a term of more than 90 days, deliver his section 1381 demand to the district attorney more than 90 days before the end of his term of imprisonment.

The People's argument depends on the premise that a defendant with less than 90 days to serve will be released before trial in the pending proceeding can commence. In light of the People's own statement of the purpose of Penal Code section 1381, it behooves a district attorney who receives a section 1381 trial request to get the defendant to trial as soon as possible. Nothing in Penal Code section 1381 either requires or entitles the district attorney to wait until the 90th day. In this action, the district attorney had from one to two months in which to get Chavez to trial with some prospect of preserving some minimal period of concurrence between the Alameda County sentence and the potential Santa Clara County sentence. The People suggest no reason why Chavez was not brought to trial promptly. There is neither absurdity nor a departure from legislative intent in dismissing the People's case on these facts.

The People rely on *People* v. *Brusell* (1980) 108 Cal.App.3d 712 [166 Cal.Rptr. 690], but the case is distinguishable. Brusell was sentenced to 180 days, but given (apparently at the outset) 115 days credit, leaving him with 65 days to serve as he went to jail; by its own terms Penal Code section 1381 would not appear to have applied to him.

Let a peremptory writ of mandate issue directing respondent superior court to set aside its judgment denying Baldomero Chavez' petition for writ of mandate or prohibition herein and to enter a new judgment by which it issues a peremptory writ of prohibition commanding the Santa Clara County Municipal Court to take no further action in its proceeding number D8011613, People v. Baldomero Chavez, other than to dismiss it.

King, J., and Haning, J., concurred.