[No. A026740. First Dist., Div. Four. Sept. 12, 1984.]

DARRYL RICHARD SMITH, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

James R. Jenner, Public Defender, Louisa Havstad and Philip V. Adams, Assistant Public Defenders, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Herbert F. Wilkinson, Donna B. Chew, Eugene Kaster and Blair W. Hoffman, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**POCHÉ, Acting P. J.**—Petitioner Darryl Richard Smith, a state prison inmate, contends that charges against him must be dismissed because he was not brought to trial within 90 days of his request made pursuant to section 1381 of the Penal Code.[1] We agree.

### Background

On July 28, 1983, petitioner sent a notice to the District Attorney of Alameda County demanding that he be brought to trial on the charges against him. The notice, on Department of Corrections Form 643, contained petitioner's full name, inmate number, place of incarceration, designation of the crime for which he was imprisoned and the date and length of his

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

sentence. The notice also recited that a "Hold" against petitioner in Alameda County (i.e., a notice of a pending criminal action) had been filed with the warden/superintendent of Vacaville. More than two weeks later, on August 15, 1983, petitioner's demand was marked "Received" by the Alameda County District Attorney's office.

On November 18, 1983, petitioner prepared a second demand on Form 643 and provided the identical information. This was sent to the Alameda County District Attorney's office together with a form on which the Department of Corrections certified that petitioner was committed to its custody. This additional form recited the same information contained in the demand itself but also set forth petitioner's minimum eligible release date and the maximum expiration date of his commitment. Also attached was a copy of an Alameda County bench warrant.

This second demand package was received by the district attorney's office on November 29, 1983. Two days later, on December 1, 1983, a removal order was signed by a judge of the Alameda County Superior Court.

On February 24, 1984, petitioner filed a motion to dismiss the charges on the ground that he had not been brought to trial within 90 days of the receipt by the district attorney of his first demand. The prosecutor explained that when the first demand was received, petitioner's name was run through the computer but it produced too many "matches" for it to be determined whether there was a warrant on that particular "Smith." The district attorney's office called the Department of Corrections in Vacaville on August 18 and was told that there were only Contra Costa County "holds" on this particular inmate. Further, because neither a case number nor the charges pending had been provided to the district attorney's office, it could not identify petitioner from the other "matches." Consequently, the district attorney's office took no action to bring petitioner to trial until it identified him from the other information which accompanied petitioner's second demand.

Respondent court denied the motion to dismiss, reasoning that petitioner had not furnished sufficient information to identify himself and that the district attorney should not be charged with the error committed by the Department of Corrections in stating that there were no Alameda County "holds" on petitioner.

Petitioner sought relief by mandate from this court. After summary denial the Supreme Court granted a petition for hearing and transferred the matter to this court with directions to issue an alternative writ.

*Review*

■ Section 1381 provides in pertinent part: "Whenever a defendant . . . has been sentenced to and has entered upon a term of imprisonment in a state prison . . . and at the time of the entry upon such term of imprisonment . . . there is pending . . . any criminal proceeding wherein the defendant remains to be sentenced, the district attorney of the county in which such matters are pending shall bring the same defendant to trial or for sentencing within 90 days after such person shall have delivered to said district attorney written notice of the place of his imprisonment or commitment and his desire to be brought to trial . . . . The sheriff, custodian or jailer shall endorse upon the written notice of defendant's desire to be brought to trial or for sentencing the cause of commitment, the date of commitment and the date of release." If the defendant is not brought to trial within 90 days of the date the demand is received, the statute requires dismissal of the charges.

There is no dispute that petitioner delivered to the district attorney notification of his place of commitment and his desire to be brought to trial, thus providing the information specified in the statute. The trial court erred in placing upon him the additional requirement of informing the district attorney of the nature of charges pending against him. To the contrary, the People have the duty not only to tell the defendant of charges pending against him (*In re Mugica* (1968) 69 Cal.2d 516, 523-524 [72 Cal.Rptr. 645, 446 P.2d 525]) but also to inform him of the means by which he can invoke the benefits of section 1381. (*People* v. *Brusell* (1980) 108 Cal.App.3d 712, 717-718 [166 Cal.Rptr. 690].)[2]

Form 643, upon which petitioner's first demand was made, was furnished to him by the Department of Corrections. That form does not contain a place for endorsement, much less does it indicate that an endorsement is necessary or give instruction on how a prisoner should go about obtaining

---

[2]See also California Department of Corrections Case Records Manual, chapter 900, article 2, sections 910, 911. Section 910 provides that "[t]he correctional case records manager shall notify the inmate when a detainer (hold) is received, and shall provide the inmate with a copy of the detainer and with information regarding what action the inmate may take to require disposition of the detainer." (*Id.*, subd. (a).) Section 911 provides that if a detainer is received, ". . . the inmate shall be notified that he/she may request disposition of pending charges by filing a demand for trial in accordance with the provisions of Penal Code Section 1381. . . . CDC form 643 shall be used to demand trial on untried charges in California. This form shall be mailed to the district attorney via certified mail, return receipt requested. . . ." (*Id.*, subds. (a) and (b).)

an endorsement if he knew that one was required. Not surprisingly no endorsement was appended.[3]

The People see that omission as crucial. They read section 1381 not only as requiring a prisoner to supply the information specified therein but also as placing upon him the responsibility of obtaining the endorsement of the jailer of his date of commitment and his scheduled date of release. Until and unless such an endorsement is affixed, the People argue, the demand is legally incomplete and the 90-day clock of section 1381 does not begin ticking.

We read the statute much differently. Endorsement is the concern of the "sheriff, custodian or jailer," not the prisoner. Nor can completion by a jailer of such an endorsement be viewed as a condition precedent to the validity of a section 1381 notice. Neither the Legislature nor the courts are blind to the delay that inheres in the prison mail system. This case provides adequate examples of something less than express mail handling: petitioner's first demand is received by the prosecutor more than two weeks after it is sent and his second mailing takes more than ten days to cover the same ground. To superimpose on this reality a finding that the Legislature intended that a demand for a speedy trial not be viewed as a demand at all unless and until the jailer gets around to endorsing it would reduce the statute to a rather cruel joke.

The People also contend that even if the first demand was sufficient, there was good cause for the delay in bringing petitioner to trial. Even assuming that the People can avoid dismissal by showing good cause for delay in bringing an incarcerated defendant to trial within the 90-day period of section 1381[4], no good cause has been demonstrated. Here the district attorney

---

[3]In the instant case the lack of endorsement was not the cause of the failure to bring petitioner to trial. The district attorney responded after receipt of the second demand which contained a completed endorsement but that response was not triggered by any information in the endorsement but by information contained in the copy of the bench warrant which also was attached. Nothing in section 1381 requires that such information be furnished either by the prisoner or the jailer, presumably because such information originates from the district attorney.

[4]The parties disagree as to whether the People can avoid dismissal by showing good cause for delay in bringing a defendant to trial within the 90-day period of section 1381. The Supreme Court, in *Crockett* v. *Superior Court* (1975) 14 Cal.3d 433, 440 [121 Cal.Rptr. 457, 535 P.2d 321], stated: "Unlike section 1382, sections 1381 and 1381.5 do not provide that the prosecution may avoid dismissal for failure to bring an accused to trial within the statutory period if good cause for the delay can be demonstrated." The Supreme Court, however, was not considering whether a good cause exception might be implicit in the legislation and, in fact, noted that there did not seem to be any reasonable explanation for the failure of the Legislature to express such an exception. (*Id.*, at p. 440, fn. 7.) The court in *People* v. *Manina* (1975) 45 Cal.App.3d 896 [120 Cal.Rptr. 51], decided just prior to *Crockett,* held that good cause excuses delay under section 1381 where the defendant, after starting the 90-day period, forestalls the trial by his own actions. (At pp. 900-901.)

did not act because he could not match petitioner to pending charges—first, because the district attorney's computer did not furnish the match and second, because the jailer told the district attorney only Contra Costa charges were pending against petitioner. Petitioner may not be held accountable for delays totally outside of his control.

Let a peremptory writ of mandate issue requiring respondent court to dismiss the charges against petitioner made in Alameda County Information No. 76135.

Newsom, J.* concurred.

**PANELLI, J.**—I concur with the result reached by the majority, however, I do so because the record in this case is wholly inadequate to resolve the issue presented. There is no record concerning the manner in which petitioner was counseled regarding the processing of his Penal Code section 1381 demand. We do not know by whom petitioner was given California Department of Corrections Form 643, and what information he was given concerning the necessary endorsement. The California Department of Corrections has set forth a rather detailed procedure for processing "holds" and section 1381 demands.[1] These procedures would clearly obviate the problem which is before us, since under those procedures the written notice under 1381 would have necessarily been endorsed by the "jailer." Here,

---

*Assigned by the Chairperson of the Judicial Council.

[1]Section 910: "(a) The correctional case records manager shall notify the inmate when a detainer (hold) is received, and shall provide the inmate with a copy of the detainer and with information regarding what action the inmate may take to request disposition of the detainer. [¶] (b) The CDC Form 661 (Exhibit B) shall be used to notify an inmate that a detainer has been received and recorded."

Section 911: "(a) If the detainer is from another agency of this state for untried charges, the inmate shall be notified that he/she may request disposition of pending charges by filing a demand for trial in accordance with the provisions of Penal Code section 1381. If the detainer is for violation of probation, the inmate shall be advised that a request for disposition of probation may be filed in accordance with the provisions of Section 1203.2a of the Penal Code. [¶] (b) CDC Form 643 shall be used to demand trial on untried charges in California. This form shall be mailed to the district attorney via certified mail, return receipt requested. Whenever possible, demand for trial should not be initiated in the reception centers. Due to the short stay in the reception centers, the time frames, receipts and sequence of events are difficult to maintain; better control can be maintained by the mainline institution case records staff. [¶] (c) Penal Code Section 1381 provides that a person must be brought to trial within 90 days after written notification of the place of confinement. The 90-day period starts the day the district attorney acknowledges receipt of the CDC Form 643. [¶] (d) If the inmate has not been brought to trial at the conclusion of the 90-day period, a CDC Form 669, Motion to Dismiss Criminal Charges Pending, and a CDC Form 670, Order for Dismissal, shall be prepared and forwarded to the court having jurisdiction of the matter. [¶] (e) CDC Form 616 and CDC Form 617 shall be used to request disposition of probation when the grant of probation was issued by a California court. The sample form letter, Exhibit C (end of chapter) shall accompany the CDC form to the probation department or to the court."

we simply have no record of whether these procedures were complied with by Department of Corrections personnel, and if not, why not.

I also separately concur because I disagree with the majority's holding that the endorsement requirement set forth in the last sentence of section 1381 "is the concern of the 'sheriff, custodian or jailer,' not the prisoner." When one reads this last sentence in context with the balance of the section it appears clear that the inmate has the responsibility of obtaining the "jailer's" endorsement. More importantly, a "jailer" would not even be aware of an inmate's section 1381 demand unless the inmate was required to present his written notice to a custodial official for endorsement. The holding of the majority encourages inmates to prepare and mail section 1381 notices without the information required by the endorsement in the hope that district attorneys are unable to locate the case pending against the inmate within the prescribed time. This concern is demonstrated by the facts of this case. Here, petitioner's first written notice to the district attorney, which was not endorsed by a custodial official, prevented his location and thereby his prosecution, within 90 days of its receipt. The second written notice which was properly endorsed as required by section 1381 resulted in petitioner's location and the commencement of prosecution within the requisite 90-day provision. If an inmate can avoid the obligation of obtaining the endorsement required by section 1381 he may effectively play a form of legal hide and seek. I do not believe this type of legal gamesmanship should be encouraged.

However, in this case, as earlier indicated in this concurrence, I am unable to determine how the first Form 643 was processed. It obviously was not processed in accordance with the California Department of Corrections Case Records Manual. The People have the burden of making an adequate record to support the trial court's action. Here we have no record showing whether the missing endorsement was the fault of the petitioner or the Department of Corrections. Accordingly, the petition should be granted.