[No. H012461. Sixth Dist. Aug. 4, 1995.]

THE PEOPLE, Plaintiff and Appellant, v.
SALVADOR BESETTA MARTINEZ, Defendant and Respondent.

## Counsel

Marilyn Masciarelli, District Attorney, for Plaintiff and Appellant.

Stuart R. Rappaport and Jose R. Villarreal, Public Defenders, Barbara B. Fargo and Malorie Melrose Street, Deputy Public Defenders, for Defendant and Respondent.

## Opinion

**WUNDERLICH, J.**—The People appeal from the dismissal of the charge of possession of narcotics by defendant Salvador Besetta Martinez. The trial court concluded defendant's right to a speedy trial had been violated. We affirm.

### Background

On March 25, 1991, defendant was arrested by San Jose Police Officer Gilbert Torres, after the officer saw him and another person leave a known heroin sale location and discard a cigarette package which was retrieved and found to contain heroin. After defendant was taken into custody, he admitted

drug possession and parole status. Defendant was released without booking, after being asked to cooperate with police by giving information. He was given a card with the name and telephone number of an undercover officer (Daniel Vasquez) and instructed to call and leave a number where he could be reached. According to defendant, he did so, but was never contacted.

In July 1991, defendant was arrested and jailed on other felony charges. (People v. Martinez (Super. Ct. Santa Clara County, Oct. 7, 1991, No. 150520).) He eventually pleaded guilty to these charges and was sentenced to three years in prison. On May 13, 1992, he was taken to prison, eventually being assigned to Sierra Conservation Camp.

Meanwhile, Officer Vasquez finished his term as an undercover officer and forwarded the paperwork on defendant to the district attorney's office, as Vasquez had never been contacted by defendant for informational purposes. On May 28, 1992, a complaint was filed against defendant on the initial charges,[1] and an arrest warrant was issued on June 2. (People v. Martinez (Mun. Ct. Santa Clara County, Jan. 10, 1994, No. C9282151); People v. Martinez (Super. Ct. Santa Clara County, May 28, 1992, No. 169665).)

On June 18, 1992, at 3 a.m., San Jose police officers attempted to serve the arrest warrant at the home of defendant's mother.[2] Defendant's brother Jose Martinez informed the police that defendant was already in prison. He then contacted defendant in prison, through his prison counselor, telling him about their mother's serious medical status and about the arrest warrant. He told defendant to make further inquiry or file a demand for trial, a reference to Penal Code section 1381.

On June 29, 1992, the San Jose Police Department sent a teletype to Sierra Conservation Camp requesting that a hold be placed on defendant. The camp records show no receipt of such a hold request. The outstanding warrant was never placed in the state computer system.

Defendant consulted with a prison legal counselor who initiated paperwork to find out if there were any holds or warrants on defendant. Each of several inquiries came back negative. In addition, at each step of defendant's prison assignment, i.e., the Sierra Conservation Camp itself, a later fire camp detail, release to a halfway house, and eventually parole, no holds or warrants were reflected in the Department of Corrections records.

---

[1]Defendant was charged with violation of Health and Safety Code sections 11350, subdivision. (a); 11550; and Business and Professions Code section 4149.

[2]Mrs. Martinez apparently suffered a serious stroke during this incident and was hospitalized.

On April 29, 1993, defendant was released on parole. Several months later, in September 1993, he was arrested on charges of driving under the influence and causing great bodily injury. (Veh. Code, § 23153.) (People v. Martinez (Super. Ct. Santa Clara County, Jan. 10, 1994, No. 169605).) On November 1, 1993, the San Jose Police Department was notified that the Sierra Conservation Camp had not honored the warrant hold. Then, on November 23, defendant's parole officer arrested him on all outstanding charges.

A preliminary hearing was held on December 27, 1993, and an information, charging defendant with the original possession offenses, was filed on January 7, 1994. Thereafter, defendant filed a motion to dismiss, alleging violations of his speedy trial and due process rights.[3] Following an evidentiary hearing, the trial court granted defendant's motion to dismiss, finding that he was prejudiced because he lost the opportunity to serve concurrent time.[4]

## DISCUSSION

In a felony prosecution, a criminal defendant's right to a speedy public trial, as provided by the California Constitution, article I, section 15, attaches upon the filing of the complaint. (*People* v. *Hannon* (1977) 19 Cal.3d 588, 608 [138 Cal.Rptr. 885, 564 P.2d 1203]; *People* v. *Belton* (1992) 6 Cal.App.4th 1425, 1429 [8 Cal.Rptr.2d 669].) Here, the trial court focused on the nearly 18-month delay between the filing of the complaint (May 1992) and defendant's arrest (Nov. 1993), and the prejudice arising therefrom. "When a defendant complains that this right has been violated because of an unreasonable delay between the filing of the complaint and his/her subsequent arrest, the defendant must first establish prejudice as a result thereof. If defendant makes an adequate showing in that regard, the burden shifts to the People to justify the delay after which the court must balance the harm to defendant against the reasons for the delay in deciding whether dismissal of the prosecution is warranted." (*Shleffar* v. *Superior Court* (1986) 178 Cal.App.3d 937, 945 [223 Cal.Rptr. 907], citing *Serna* v. *Superior Court* (1985) 40 Cal.3d 239, 248-250 [219 Cal.Rptr. 420, 707 P.2d 793].) The question of whether a defendant has established prejudice occasioned by the delay is a factual matter to be resolved by the trial court, and its decision on that point will not be overturned by an appellate court if supported by substantial evidence. (*People* v. *Hill* (1984) 37 Cal.3d 491, 499 [209 Cal.Rptr. 323, 691 P.2d 989].)

[3]Defendant's motion to dismiss the misdemeanor charges on statute of limitations grounds was granted.

[4]The trial court explained that defendant was prejudiced because he now faced the prospect of consecutive time on the driving under the influence charges.

As noted by the Supreme Court in *Serna*, "[T]he initial burden in establishing a violation of article I, section 15, is on the defendant seeking dismissal who must demonstrate prejudice attributable to the delay in arrest. [Citation.] Only after he has done so must the court determine if the delay was justified and engage in the balancing process. [Citation.]" (*Serna v. Superior Court, supra*, 40 Cal.3d at p. 249.)[5]

Here, the trial court found specific prejudice, a factual finding to which we defer. The People insist that the trial court erred as a matter of law in concluding that defendant was specifically prejudiced by losing his chance for concurrent time during his earlier prison sentence. According to the People, the only prejudice encompassed by either speedy trial or due process rights is prejudice to a fair trial, as generally manifested by missing witnesses or evidence or failing memories.

However, in the context of speedy trial rights, both the United States Supreme Court and our own California Supreme Court have included the possibility of concurrent sentencing as a potential aspect of prejudice under the category of oppressive pretrial incarceration. In *Smith v. Hooey* (1969) 393 U.S. 374, 377-378 [21 L.Ed.2d 607, 610-611, 89 S.Ct. 575], the United States Supreme Court reviewed the Sixth Amendment protections of "at least three basic demands of criminal justice in the Anglo-American legal system: '[1] to prevent undue and oppressive incarceration prior to trial, [2] to minimize anxiety and concern accompanying public accusation and [3] to limit the possibilities that long delay will impair the ability of an accused to defend himself.' [Citation.]" (*Id.* at p. 378 [21 L.Ed.2d at p. 611].) Then, in illustrating how a defendant already in prison still may suffer from "undue and oppressive incarceration prior to trial," the Supreme Court stated: "First, the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed." (*Ibid.*, fn. omitted.) Defendant Smith had been indicted on a Texas state charge while serving a federal sentence, and although he communicated with the state court by letter and motion, the Texas Supreme Court concluded the state had no duty to bring a federal prisoner to trial on state charges. The United States Supreme Court

---

[5]We do not agree with the implication of the court in *Stabio v. Superior Court* (1994) 21 Cal.App.4th 1488 [26 Cal.Rptr.2d 615] that the balancing test prescribed in *Barker v. Wingo* (1972) 407 U.S. 514 [33 L.Ed.2d 101, 92 S.Ct. 2182] for a Sixth Amendment speedy trial delay between arrest and trial is equally applicable to a California speedy trial claim for a delay between the filing of a complaint and arrest. We note the recently published case of *People v. Butler* (1995) 36 Cal.App.4th 455 [42 Cal.Rptr.2d 279], wherein the First District criticized *Stabio* on this ground. *Doggett v. United States* (1992) 505 U.S. 647 [120 L.Ed.2d 520, 112 S.Ct. 2686], as relied on by defendant, also concerned the right to speedy trial guaranteed by the Sixth Amendment and thus is not directly applicable here.

disagreed. In *Barker* v. *Municipal Court* (1966) 64 Cal.2d 806 [51 Cal.Rptr. 921, 415 P.2d 809], the California Supreme Court noted that both the Sixth Amendment and the California Constitution speedy trial protections include the possibility of concurrent time. "Even the purpose of preventing undue imprisonment [part of the speedy trial guarantee] is of some concern to a California prisoner, because if he is promptly convicted of an additional offense he may be sentenced to serve a term of imprisonment concurrently with the term already imposed (Pen. Code, § 669); if a defendant is brought to trial only after his sentence on another charge has been completed, the possibility of concurrent sentences is denied him." (64 Cal.2d at p. 813.) In 1947, a complaint was filed charging defendant Barker and others with attempted murder. In 1948, they began serving lengthy federal prison terms on other crimes. The defendants and others on their behalf diligently wrote letters to the district attorney and filed motions until 1956, requesting that they be brought to trial. The Supreme Court concluded the charges must be dismissed because the defendants' speedy trial rights had been denied. The court explained that even though the Legislature had recently enacted speedy trial legislation (Pen. Code, §§ 1381-1389.7), which would have provided defendants with the remedy they sought had the statutes been operative when defendants made their requests, the Constitutional provision is self-executing, and thus defendants were entitled to the relief sought. (See also *People* v. *Hughes* (1974) 38 Cal.App.3d 670 [113 Cal.Rptr. 508] [defendant prejudiced by loss of possibility of concurrent sentence; motion to dismiss made in open court fulfilled purpose of Pen. Code, § 1381 demand for trial].)[6]

The People are correct that both *Smith* and *Barker* involve distinguishable facts, especially the lengthy incarcerations. However, the importance of these cases to our present analysis is their discussion of the speedy trial right and the fact that this right under both the United States and California Constitutions includes protection from the possible loss of a concurrent sentence.[7] Moreover, the People fail to acknowledge the trial court's finding that defendant did everything he could to find out about pending charges against him so that he could file a Penal Code section 1381 request, and thus his failure to do so is excused.

---

[6]See also *People* v. *Tirado* (1984) 151 Cal.App.3d 341 [198 Cal.Rptr. 682]: defendant received consecutive sentences for two unrelated robberies, tried separately. The Court of Appeal found no vindictive prosecution arising from the six-month delay in charging one of the offenses and no ineffective assistance of counsel in failing to assert a speedy trial claim. The court acknowledged that the loss of the possibility of concurrent sentencing might be prejudicial, but concluded that such a likelihood had not been shown in this case.

[7]Courts have acknowledged that the speedy trial right provided by the California Constitution is modeled on the United States Constitution and " 'reflects the letter and spirit of' the Sixth Amendment . . . ." (*People* v. *Wilson* (1963) 60 Cal.2d 139, 144, fn. 2 [32 Cal.Rptr. 44, 383 P.2d 452].)

Here, in making its findings, the trial court had before it several documents from the Department of Corrections showing that various official inquiries showed no holds or outstanding warrants on defendant. While two of the documents reflect dates before the attempted service of the warrant, one of these was dated June 18, 1992, several weeks after the issuance of the warrant. Another inquiry document showing no warrants, holds, or detainers was dated July 23, 1992, after the attempted service and ineffective teletype.[8]

■ "[T]he People have the duty not only to tell the defendant of charges pending against him (*In re Mugica* (1968) 69 Cal.2d 516, 523-524 . . .) but also to inform him of the means by which he can invoke the benefits of [Penal Code] section 1381. (*People* v. *Brusell* (1980) 108 Cal.App.3d 712, 717-718. . . .)" (*Smith* v. *Superior Court* (1984) 159 Cal.App.3d 1172, 1175 [206 Cal.Rptr. 282], fn. omitted.) In *People* v. *Johnson* (1987) 195 Cal.App.3d 510, 515 [240 Cal.Rptr. 748], the court explained: "The cases applying section 1381 have held that, even though the section is silent concerning any duty to notify a defendant of pending proceedings so that he can invoke his right to prompt disposition of those proceedings, the constitutional guarantee of a speedy trial requires that such notice be given. (*In re Mugica*[, *supra*,] 69 Cal.2d 516 . . . ; *People* v. *Cave* (1978) 81 Cal.App.3d 957 . . . .) Where no notice is given to alert a prisoner of his right to exercise his rights under Penal Code section 1381, his failure to request prompt disposition of his case is excused, and the court is then required to determine whether his right to a speedy determination of the matter has been violated by weighing the prejudicial effect of the delay against any justification for the delay. (*People* v. *Cave*, *supra*, 81 Cal.App.3d at p. 965.)" (See also *Smith* v. *Superior Court*, *supra*, 159 Cal.App.3d at p. 1175, fn. 2, quoting California Department of Corrections case records manual provisions by which the department is required to inform defendant of the means by which he can invoke the benefits of section 1381.)

■ Here, apparently the process broke down at the stage where the San Jose Police Department attempted to notify defendant or the authorities at his place of incarceration. Had he been so notified and instructed how to request immediate trial of the additional charges, he could have done so. The trial court found the facts showed that defendant, as assisted by prison personnel, properly made inquiry both before and after the attempt to serve

---

[8]Defendant testified that he did not check the Penal Code section 1381 box on this particular form because he had no warrant or case number to enter. He also testified he wrote a letter to the district attorney requesting trial, but he could not locate his copy of the letter, and the district attorney's office had no record of receipt.

the warrant.[9] The appropriate prison records showed no hold, detainer or outstanding warrants against defendant. At this point, the trial court concluded nothing more could have been expected of defendant, and we agree. Whether this error was caused by technical malfunction or neglect by the Department of Corrections, it caused defendant to lose the opportunity to stand trial earlier and receive a concurrent sentence. ■ Error by any agency of the state must be held against the state and not the defendant. (See *People* v. *Hill, supra,* 37 Cal.3d 491, 499.)

■ Furthermore, on these facts, we cannot say the trial court abused its discretion in finding the prejudice to defendant outweighed the justification by the People. A concurrent sentence, although not guaranteed, was a real possibility. At worst, defendant would have received an eight-month consecutive term. Moreover, at the time the trial court determined this motion to dismiss, the offer of concurrent time had been withdrawn and defendant faced a consecutive sentence to the later charges of driving under the influence.

The People cite numerous cases discussing the typical prejudice from a speedy trial violation, i.e., fading memories, lost witnesses or evidence, and insist that these cases demonstrate this is the only type of prejudice envisioned under either speedy trial or due process protections. (See, e.g., *Shleffar* v. *Superior Court, supra,* 178 Cal.App.3d 937; *People* v. *Parnell* (1993) 17 Cal.App.4th 1609 [22 Cal.Rptr.2d 73].) But these cases did not consider whether prejudice could be found by the lost possibility of concurrent sentencing. Thus, they are not dispositive on that issue.[10]

Finding that the trial court's ruling is within its discretion and is supported by substantial evidence on the ground of a violation of the right to speedy trial guaranteed in the California Constitution, we decline to discuss the parties' extensive briefing on whether defendant's federal speedy trial rights and both state and federal due process rights were prejudiced here.

---

[9]The trial court found credible and reasonable defendant's testimony that due to his previous experience with arrest warrants and prison holds, he believed the warrant had expired or it would have showed up in the records. The fact that it was served at night on his mother's home also made him believe the warrant had a time limit on it.

[10]General language asserting the need for a showing of prejudice more than the loss of concurrent sentencing in *People* v. *Gutierrez* (1994) 30 Cal.App.4th 105 [35 Cal.Rptr.2d 526], as cited by the People at oral argument, is not helpful here because of the different procedural context. *Gutierrez* concerned the prejudice required for a second dismissal under Penal Code section 1381, after the first motion to dismiss on speedy trial grounds had been granted, and neither Penal Code section 1381 demand complied with statutory requirements.

## DISPOSITION

The judgment is affirmed.

Bamattre-Manoukian, Acting P. J., and Mihara, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 16, 1995. Arabian, J., George, J., and Werdegar, J., were of the opinion that the petition should be granted.