[No. S131879. Mar. 29, 2007.]

THE PEOPLE, Plaintiff and Appellant, v.
DANIEL LOWE, Defendant and Respondent.

938

COUNSEL

George W. Kennedy, District Attorney, Neal Kimball, Joseph Thibodeaux and Marilyn Masciarelli, Deputy District Attorneys, for Plaintiff and Appellant.

Jose R. Villarreal and Mary J. Greenwood, Public Defenders, and Brian J. Matthews, Deputy Public Defender, for Defendant and Respondent.

Michael P. Judge, Public Defender (Los Angeles) and John Hamilton Scott, Deputy Public Defender, as Amici Curiae on behalf of Defendant and Respondent.

OPINION

**KENNARD, J.**—The California Constitution guarantees criminal defendants the right to a speedy trial. (Cal. Const., art. I, § 15.) When a violation of that right arises from a delay that occurs "after the filing of a complaint and before arrest or formal accusation by indictment or information . . . a defendant seeking dismissal must affirmatively demonstrate prejudice." (*People v. Martinez* (2000) 22 Cal.4th 750, 755 [94 Cal.Rptr.2d 381, 996 P.2d 32] (*Martinez*).)

The prosecution in this case filed criminal charges against defendant, but it did not notify him thereof until he had completed a jail term in a neighboring county for a probation violation. There is no evidence that the delay has impaired defendant's ability to defend against the charges. He contends, however, that he should be allowed to establish prejudice from the

delay simply by showing that he lost the chance to serve any sentence stemming from the pending charges *concurrently* with the jail term he was already serving on the probation violation. We disagree.

I

The preliminary hearing transcript shows the following: On October 18, 2002, Mandy Isbell told San Jose Police Officer David Lee that defendant, her estranged husband, was in arrears on child support payments and had been sending her threatening messages. Officer Lee found defendant sitting in his parked car, near Isbell's mobilehome. After speaking to defendant, Lee concluded he was under the influence of methamphetamine. Lee retrieved from defendant's car a pipe bomb containing gunpowder. He arrested defendant for possessing a destructive device and for being under the influence of methamphetamine.

Defendant spent the next four days in jail. On October 22, 2002, the date set for his arraignment, he was released because the Santa Clara County District Attorney had not filed a complaint against him. (The record does not indicate why no complaint was filed.)

At the time, defendant was on probation in Alameda County after a conviction for an offense committed there. On November 28 or 29, 2002, he was arrested in Santa Clara County on a warrant alleging that, based on the October 18, 2002, incident in San Jose, he had violated the conditions of his Alameda County probation. Defendant was transported to Alameda County, and on February 6, 2003, he admitted the probation violation. The trial court reinstated probation on condition that defendant serve one year in the Alameda County jail.

Four days later, on February 10, 2003, the Santa Clara County District Attorney filed a complaint—based on the events of October 18, 2002—charging defendant with both possession of a destructive device (Pen. Code, § 12303.2),[1] a felony, and being under the influence of methamphetamine (Health & Saf. Code, § 11550), a misdemeanor. The superior court issued an arrest warrant, which was "activated" on March 13, 2003. Defendant was not notified of the complaint or the warrant.

On June 26, 2003, four and a half months after issuance of the Santa Clara County complaint, the Alameda County jail was notified of the Santa Clara arrest warrant. On July 8, 2003, defendant completed his jail term in Alameda

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

County for the probation violation. Thereafter, he was detained on the warrant and transferred to Santa Clara County, where he was arraigned on July 11, 2003.

After being held to answer on the charges, defendant moved to have them dismissed, alleging that the delay of nearly five months between the filing of the complaint in February 2003 and his arraignment in July 2003 violated his right to a speedy trial under the California Constitution. Defendant also asserted that the nine-month delay from October 2002, when the conduct underlying the charges in Santa Clara County occurred, to July 2003, when he was arraigned, violated his right to due process of law under the state and federal Constitutions. Relying on *People v. Martinez* (1995) 37 Cal.App.4th 1589 [44 Cal.Rptr.2d 673], defendant contended the delay had prejudiced him because he had lost the opportunity to serve any sentence that might be imposed for the Santa Clara County offenses *concurrently* with his sentence for the probation violation in Alameda County. He did not claim that the delay had caused defense witnesses to become unavailable, or that the memories of defense witnesses had faded; nor did he assert that the delay had in any other way impaired his ability to defend against the charges.

In his points and authorities in opposition to defendant's motion to dismiss the charges, the Santa Clara County District Attorney made no attempt to justify the delay in prosecuting defendant. Rather, he argued that to establish a violation of the California Constitution's speedy trial right, defendant had to show "prejudice to his ability to defend [against the charges] that is attributable to the delay," and that because defendant had not alleged such prejudice the trial court should deny his speedy trial motion.

The trial court granted defendant's motion to dismiss the charges, ruling that "[t]he delay in this case effectively removed [defendant's] opportunity to receive a sentence concurrent to his Alameda County sentence [and] [t]he People provide no justification for the delay." This delay, the court concluded, violated defendant's right to a speedy trial under the California Constitution. The court did not address defendant's alternative claim that the nine-month delay from October 2002, when the Santa Clara offenses allegedly were committed, to July 2003, when the arraignment occurred, violated his right to due process of law under the state and federal Constitutions. The district attorney appealed from the trial court's order dismissing the charges.

The Court of Appeal affirmed. It relied on its previous decision in *People v. Martinez, supra,* 37 Cal.App.4th 1589, which held that when a defendant,

because of unnecessary delay by the prosecution, loses the opportunity to serve a sentence *concurrently* with that in another case, the resulting prejudice to the defendant justifies dismissal of the charges unless the prosecution establishes justification for the delay. We granted the district attorney's petition for review.

## II

■   Both the state and federal Constitutions guarantee criminal defendants the right to a speedy trial. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15.) But the rights differ from each other in two significant respects. First, the state constitutional right arises upon the filing of a felony complaint, whereas the federal right does not come into play until an indictment or an information has been filed or the defendant has been arrested and held to answer. Second, an "uncommonly long" delay triggers a presumption of prejudice under the federal Constitution, but not under the state Constitution. (*Martinez, supra,* 22 Cal.4th at pp. 765–766.) Here, defendant raises only a claim under the state Constitution.

■   The defense has the initial burden of showing prejudice from a delay in bringing the defendant to trial. Once the defense satisfies this burden, the prosecution must show justification for the delay. If the prosecution does that, the trial court must balance the prejudice to the defendant resulting from the delay against the prosecution's justification for the delay. (*Serna v. Superior Court* (1985) 40 Cal.3d 239, 249 [219 Cal.Rptr. 420, 707 P.2d 793].)

At issue here is whether the defense may satisfy its initial burden of establishing prejudice from the delay by demonstrating that the delay has cost the defendant the opportunity to serve a sentence for the charged crime *concurrently* with the sentence being served in another case. In concluding that the defense may do so, the Court of Appeal followed its decision in *People v. Martinez, supra,* 37 Cal.App.4th 1589. In that case, the defendant was arrested in March 1991 for possession of heroin, but he was released without being booked. Four months later he was arrested for an unrelated offense, which resulted in a conviction and a prison sentence of three years. In the spring of 1992, he was charged with possession of heroin based on the March 1991 arrest; although an arrest warrant was issued, the prison where he was serving his sentence for the crime unrelated to the pending charge was apparently not notified of the warrant. While in prison, the defendant in *People v. Martinez* asked a prison legal counselor if there were any holds or

warrants against him; the counselor determined there were none. In September 1993, after being released on parole, he was arrested for a new offense, and he was also charged with possession of heroin based on the March 1991 incident. He moved to dismiss the heroin charge, claiming a violation of his speedy trial rights. As to prejudice, he alleged only that the delay prevented him from serving his heroin possession sentence *concurrently* with the three-year prison sentence in the unrelated case. The trial court granted his motion to dismiss. The prosecution appealed.

The Court of Appeal in *People v. Martinez* affirmed the trial court's dismissal of the heroin possession charge. It rejected the prosecution's claim that the defendant's showing of prejudice was inadequate for failure to show "prejudice to a fair trial, as generally manifested by missing witnesses or evidence or failing memories." (*People v. Martinez, supra*, 37 Cal.App.4th at p. 1594.) It pointed out that "both the United States Supreme Court and our own California Supreme Court have included the possibility of concurrent sentencing as a potential aspect of prejudice" (*ibid.*), citing *Barker v. Municipal Court* (1966) 64 Cal.2d 806, 813 [51 Cal.Rptr. 921, 415 P.2d 809] (*Barker*), and *Smith v. Hooey* (1969) 393 U.S. 374, 377–378 [21 L.Ed.2d 607, 89 S.Ct. 575] (*Smith*). We do not, however, so construe the holdings of those two decisions, as discussed below.

While incarcerated in federal prison on certain federal offenses, the defendants in *Barker* were charged in Monterey County, California, with attempted murder. The county prosecutor placed a "detainer warrant" on the defendants but refused to extradite them for trial, rejecting their repeated requests that he either bring them to trial or dismiss the attempted murder charges. As a result, the defendants continued to serve their federal sentences for almost 18 years before being brought to trial in state court.[2]

We held in *Barker* that the prosecutor's delay in bringing the defendants to trial violated their right to a speedy trial under the California Constitution. We explained: "The guarantee of a speedy trial 'serves a three-fold purpose. It protects the accused . . . against prolonged imprisonment; it relieves him of the anxiety and public suspicion attendant upon an untried accusation of

---

[2] Under current law, the defendants in *Barker* could have insisted on an earlier trial by invoking section 1381.5, which permits a defendant incarcerated in federal prison to demand to be brought to trial within 90 days on charges pending in a California state court. The California Legislature did not enact this law until 1963; thus, it was unavailable to the defendants in *Barker* "during the greater part of [their] federal incarceration and at none of the times when they made requests for trial." (*Barker, supra*, 64 Cal.2d at p. 812.)

crime; and . . . it prevents him from being "exposed to the hazard of a trial, after so great a lapse of time" that "the means of proving his innocence may not be within his reach"—as, for instance, by the loss of witnesses or the dulling of memory.' [Citations.] [¶] The foregoing purposes are equally served with respect to one already imprisoned for another crime. Even the purpose of preventing undue imprisonment is of some concern to a California prisoner, because if he is promptly convicted of an additional offense he may be sentenced to serve a term of imprisonment concurrently with the term already imposed . . . ; *if a defendant is brought to trial only after his sentence on another charge has been completed, the possibility of concurrent sentences is denied him.*" (*Barker, supra,* 64 Cal.2d at p. 813, citation omitted, italics added.) It is this italicized phrase on which defendant here relies.

But that observation in *Barker* has to be read in context, not in isolation. Immediately thereafter, *Barker* pointed to "the obvious prejudice which follows when required to defend against criminal charges long after commission of the alleged offenses" (*Barker, supra,* 64 Cal.2d at p. 813) when memories have become clouded and witnesses inaccessible. *Barker* did not identify the type of prejudice—loss of an opportunity to serve concurrent sentences, faded memories, or inaccessible witnesses—suffered by the defendants in that case, in light of its holding that prejudice was presumed because of the 18-year delay in bringing them to trial. (*Id.* at p. 812.) Given that circumstance, *Barker* cannot be read as holding that a defendant claiming violation of the right to a speedy trial under the California Constitution can establish prejudice simply by demonstrating a loss of the opportunity to serve any sentence in the pending case concurrently with the sentence in another matter.

We now turn to the United States Supreme Court's decision in *Smith.* The defendant there was indicted for a violation of Texas law while he was serving a sentence in federal prison in Kansas. For the next six years, the Texas authorities rejected the defendant's repeated requests for a speedy trial, making no effort to extradite him. He finally moved for dismissal of the Texas charges, asserting a violation of his speedy trial right under the federal Constitution. The Texas Supreme Court held that a federal prisoner had no right to a speedy trial on state charges. The United States Supreme Court disagreed. In holding that the state had a constitutional duty to make a diligent, good faith effort to bring a defendant to trial, the high court noted that "the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed." (*Smith, supra,* 393 U.S. at p. 378.)

But the high court in *Smith* went on to explain: "[I]t is self-evident that 'the possibilities that long delay will impair the ability of an accused to defend himself' are markedly increased when the accused is incarcerated in another jurisdiction. Confined in a prison, perhaps far from the place where the offense covered by the outstanding charge allegedly took place, his ability to confer with potential defense witnesses, or even to keep track of their whereabouts, is obviously impaired. And, while 'evidence and witnesses disappear, memories fade, and events lose their perspective,' a man isolated in prison is powerless to exert his own investigative efforts to mitigate these erosive effects of the passage of time." (*Smith, supra,* 393 U.S. at pp. 379–380, fn. omitted.)

Thus, in *Smith* loss of the opportunity to serve concurrent sentences was not the only circumstance but one of several mentioned by the high court in explaining why the state prosecutor in that case could not refuse to prosecute the defendant while he was serving his federal sentence. Consequently, *Smith* cannot be said to hold that an unjustified delay in bringing a defendant to trial violates the defendant's speedy trial right under the federal Constitution when, as here, the *only* prejudice alleged by the defendant is the loss of the opportunity to serve the sentence on the pending charge concurrently with the sentence in another case.

The federal courts have in those situations uniformly rejected defense claims of prejudice. (See *U.S. v. Gregory* (9th Cir. 2003) 322 F.3d 1157, 1164 ["any sentencing prejudice that [the defendant] might suffer is speculative rather than actual"]; *U.S. v. White* (6th Cir. 1993) 985 F.2d 271, 276 [loss of the opportunity to serve concurrent sentences "is not sufficient to constitute 'substantial prejudice' "]; *United States v. Cabral* (1st Cir. 1973) 475 F.2d 715, 719–720 [the defendant's allegation that he lost the opportunity to serve concurrent sentences "is highly speculative and falls far short of a demonstration of actual prejudice"]; see also *U.S. v. Sanchez* (2d Cir. 2000) 225 F.3d 172, 177; *U.S. v. Lainez-Leiva* (2d Cir. 1997) 129 F.3d 89, 92; *U.S. v. Throneburg* (6th Cir. 1996) 87 F.3d 851, 853; *U.S. v. Tippens* (5th Cir. 1994) 39 F.3d 88, 89.)

Consistent with these decisions construing the *federal* Constitution's right to a speedy trial, we reject defendant's contention that under the *California* Constitution's speedy trial right, a pending criminal charge must be dismissed solely because the delay in bringing the defendant to trial has cost the defendant the chance to serve the sentence on that charge concurrently with the sentence in another case. If that were so, a delay in bringing a defendant to trial would require dismissal of even a very serious charge (such as murder), despite overwhelming evidence of the defendant's guilt, merely

because the defendant was denied the potential benefit of serving some slight portion (perhaps only a few months) of the sentence for that crime concurrently with a sentence previously imposed in another case. In that situation, the drastic sanction of dismissal would be grossly disproportionate to the harm that the defendant actually suffered—the mere possibility, however slight, that the sentence ultimately imposed for the dismissed crime might have been effectively reduced in some measure, however small, by concurrent service with the sentence for another crime.

One additional observation: The likelihood of serving a sentence on a pending charge concurrently with a sentence already being served in another case is speculative. Sometimes imposition of concurrent sentences is legally barred. (See, e.g., §§ 667.6, subd. (d), 1170.12, subd. (a)(6)–(8).) Even when concurrent sentences are permitted, they often are not imposed because of the presence of certain aggravating factors. (Cal. Rules of Court, rule 4.425.)

■ For the reasons given above, we hold that a defendant claiming a speedy trial violation under the California Constitution must show that the delay has impaired the ability to defend against the charged crime because, for instance, a witness has become unavailable, evidence has disappeared, or the memory of a potential witness has faded.[3] If the defense makes that initial showing, the trial court may then, consistent with *Barker, supra,* 64 Cal.2d at page 813, consider the defendant's loss of an opportunity to serve a concurrent sentence in weighing all of the prejudice to the defendant against the prosecution's justification for the delay. In maintaining that the possibility of such loss alone should be sufficient to establish prejudice, defendant asserts that to hold otherwise would encourage prosecutors to "intentionally delay filing complaints and/or executing warrants until a person serving another sentence was nearly finished with that sentence," thereby "unfairly prevent[ing] the defendant from even asking for concurrent sentencing" and "unilaterally depriv[ing] trial judges of their discretion to impose concurrent sentences." We stress that engaging in such improper conduct would be violating the prosecutor's duty to expedite criminal proceedings "to the greatest degree that is consistent with the ends of justice." (§ 1050, subd. (a).) Here, there is no evidence that the prosecution deliberately violated that duty.

In dismissing the charges against defendant, the trial court accepted defendant's claim of a violation of his right to a speedy trial. In doing so, the trial court relied on *People v. Martinez, supra,* 37 Cal.App.4th 1589, a decision by the Court of Appeal in the judicial district encompassing this trial court. Because for reasons discussed earlier we now disapprove that decision, we conclude that the trial court erred.

---

[3] We disapprove *People v. Martinez, supra,* 37 Cal.App.4th 1589, to the extent it is inconsistent with this opinion.

DISPOSITION

The judgment of the Court of Appeal is reversed, and the matter is remanded to that court with directions to reverse the trial court's dismissal and to reinstate the charges against defendant.

George, C. J., Baxter, J., Werdegar, J., Chin, J., Moreno, J., and Corrigan, J., concurred.

Respondent's petition for a rehearing was denied June 20, 2007.