445 So.2d 696 (1984)
STATE of Florida, Appellant,
v.
Jeffery S. MOSER, Appellee.
No. 83-26.
District Court of Appeal of Florida, Second District.
February 24, 1984.
*697 Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellee.
OTT, Chief Judge.
The state appeals from the trial court's grant of defendant's motion for discharge for noncompliance with the speedy trial provisions of the Interstate Agreement on Detainers, section 941.45(4)(c), Florida Statutes (1981). We dismiss this appeal as moot for the reasons stated below.
Defendant was charged with burglary in April, 1981. On August 11, 1982, the State of Maryland delivered temporary custody of defendant to the State of Florida for the purpose of standing trial on the pending burglary charge. After defendant was not brought to trial within one hundred twenty days, the trial court granted defendant's oral motion for discharge and ordered the return of defendant to Maryland. Defendant was returned to Maryland shortly thereafter. This appeal ensued.
Defendant contends that the appeal is moot, arguing that the information must be dismissed with prejudice notwithstanding the speedy trial issue because the state violated section 941.45(4)(e).
The anti-shuffling provision of the Interstate Agreement on Detainers, section 941.45(4)(e), provides:
If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to paragraph (e) of subsection (5), such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.
Compliance with the provisions of the Interstate Agreement on Detainers is mandatory. Hughes v. Denver District Court, 197 Colo. 396, 593 P.2d 702, 705 (1979); see United States v. Mauro, 436 U.S. 340, 361-363, 98 S.Ct. 1834, 1847-1848, 56 L.Ed.2d 329 (1978); see generally People v. Beamon, 83 Mich. App. 121, 268 N.W.2d 310, 98 A.L.R.3d 149 (1978) (return of prisoner to sending state pending retrial after mistrial had been declared deemed violative of the anti-shuffling provision). However, the rights afforded a prisoner under the Interstate Agreement on Detainers do not rise to the level of constitutionally guaranteed rights and can be waived. State v. Grizzell, 399 So.2d 1091 (Fla. 1st DCA 1981); see generally Annot., Validity, Construction, and Application of Interstate Agreement on Detainers, 98 A.L.R.3d 160.
In the instant case, defendant was returned to Maryland before a trial was had in this jurisdiction. No express or implied waiver of the anti-shuffling provision appears in the lower court record. Accordingly, we hold that the state violated section 941.45(4)(e) by returning defendant to Maryland prior to trial and such violation requires dismissal of the information with prejudice. Since reversal of the trial court's order discharging defendant on the speedy trial issue would accomplish nothing in light of defendant's return to Maryland in violation of section 941.45(4)(e), we will not address the merits of the issue raised by the state and dismiss the appeal as moot.
GRIMES and CAMPBELL, JJ., concur.