[No. C023034. Third Dist. Jan. 22, 1997.]

THE PEOPLE, Plaintiff and Appellant, v.
STEPHEN ERNEST ELDRIDGE, Defendant and Respondent.

**COUNSEL**

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, John A. O'Sullivan and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Appellant.

Ward & Capriola and William J. Capriola for Defendant and Respondent.

**OPINION**

PUGLIA, P. J.—Under Penal Code section 1381 (section 1381) a state prisoner who is charged with another crime while serving his prison sentence must be tried on the new charge within 90 days after he has delivered to the district attorney a written demand to be brought to trial. If he is not brought to trial within 90 days, the court, on motion of the defendant, must dismiss. If the charges are refiled, must the defendant then deliver a new demand to avail himself of the benefits of section 1381? We conclude that he must. Since the defendant here did not do so, we grant the People's appeal from the order dismissing refiled charges for failure to bring them to trial within 90 days.

While serving a term at San Quentin prison, defendant delivered to the Butte County District Attorney a section 1381 demand for trial within 90 days. The demand recited that on March 27, 1995, a felony complaint was filed in Butte County charging defendant with evading an officer and causing injury (Veh. Code, § 2800.3) and with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), and alleging defendant inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)) and had served a prison term. (Pen. Code, § 667.5, subd. (b).)

The district attorney acknowledged receipt of defendant's demand on June 12, 1995. Defendant was arraigned on the Butte County complaint July 6, 1995. At the scheduled August 3, 1995, preliminary hearing, an essential

prosecution witness did not appear and the complaint was dismissed on the prosecutor's motion.

Identical charges were alleged in a felony complaint filed August 14, 1995. A preliminary hearing on the refiled charges was held on November 9, 1995, after which defendant was held to answer. On November 16, 1995, an information was filed charging defendant with evading an officer and causing injury (Veh. Code, § 2800.3) and hit and run involving serious injury or death (Veh. Code, § 20001, subd. (b)(2)). The information also alleged defendant had served a prison term. (Pen. Code, § 667.5, subd. (b).) On November 21, 1995, defendant pleaded not guilty and denied the alleged prior prison term. Trial was set for January 22, 1996.

On November 27, 1995, defendant, apparently without the knowledge of appointed counsel, filed an "in pro. per." a written motion to dismiss. The motion cited the failure of the People to bring defendant to trial within 90 days of refiling the charges on August 14, 1995. The trial court forwarded a copy of the motion to defendant's counsel. Counsel then filed a motion to dismiss on the ground defendant had been denied his section 1381 right to a speedy trial. The People opposed the motion, arguing, inter alia, section 1381 did not apply because defendant had not made a new section 1381 demand after the August 14, 1995, refiling of the dismissed charges.

After a hearing on counsel's motion, the trial court ruled a new section 1381 demand is not required following the refiling of charges; because more than 90 days had passed since the charges were refiled, defendant's section 1381 speedy trial right had been denied. The trial court dismissed the action. The People appeal. (Pen. Code, § 1238, subd. (a)(8).)

On appeal, the People contend that upon refiling of the dismissed charges on August 14, 1995, it was incumbent upon defendant to deliver a new demand for trial to avail himself of section 1381's right to trial within 90 days. Since he did not do so, the trial court erred in granting defendant's motion to dismiss. We agree.

We have been cited to only one case, *Vukman* v. *Superior Court* (1981) 116 Cal.App.3d 341 [172 Cal.Rptr. 44] (overruled on other grounds in *People* v. *Cuevas* (1995) 12 Cal.4th 252, 275, fn. 5 [48 Cal.Rptr.2d 135, 906 P.2d 1290]), which involved the question presented in this appeal. There, charges dismissed pursuant to section 1381 were refiled. After more than 90 days had passed from refiling, petitioner moved to dismiss pursuant to

section 1381. The motion was denied and petitioner sought a writ of prohibition. (*Vukman* v. *Superior Court, supra,* 116 Cal.App.3d at pp. 346-347.) In the writ proceeding, the People conceded petitioner was not required to make a section 1381 demand after the charges were refiled. (*Id.,* at p. 347.) The *Vukman* court accepted the concession, concluded the petitioner's section 1381 rights had been denied and directed the charges be dismissed. (*Id.,* at pp. 347-349.)

In this appeal, the People do not concede defendant's entitlement to a dismissal.

The refiling of the charges initiates a new criminal proceeding. Thus, defendant was arraigned on the second complaint, notwithstanding he had been arraigned on the dismissed complaint containing the identical charges. With the refiling of the charges, defendant is vested anew with all the rights accruing to one charged with crime. Concomitantly, defendant is responsible for taking such initiatives as the law requires of him to secure those rights, e.g., delivery of a demand for trial within 90 days. (See *People* v. *Boggs* (1985) 166 Cal.App.3d 851, 858 [212 Cal.Rptr. 683] ["'Our laws with respect to securing the accused a speedy public trial require some activity by the accused[.]' "].)

A purpose of section 1381 is to allow a defendant who is serving a sentence of imprisonment to obtain the benefit of concurrent sentencing by accelerating the resolution of pending charges. (*People* v. *Boggs, supra,* 166 Cal.App.3d at p. 855.) Section 1381 was never intended to be used as a means of avoiding prosecution. (*Ibid.*) To the contrary, section 1381 contemplates "that the defendant [who invokes its benefits] shall 'desire to be brought to trial.' Clearly implied is the condition that he shall reasonably cooperate with . . . the prosecutor's efforts to bring on the trial within the statutory period." (*People* v. *Manina* (1975) 45 Cal.App.3d 896, 900 [120 Cal.Rptr. 51].)

Section 1381 assumes that an accusatory pleading is on file ("Whenever . . . there is pending [an accusatory pleading]"; "If a charge is filed"). If the accusatory pleading is dismissed, there is no longer anything upon which a pending section 1381 demand can operate. The demand becomes *functus officio.*

If the charges are then refiled, the demand does not materialize, phoenix-like, from the shell of the dismissed case. If defendant "desires to be brought

to trial" on the refiled charges as provided by section 1381, he must deliver a new demand to the district attorney. (See *People* v. *Boggs, supra,* 166 Cal.App.3d at p. 858 ["It is quite apparent that section 1381 requires a defendant to protect his rights to a speedy trial[.]"].) A new 90-day period with respect to the refiled charges does not commence until a section 1381 demand relating to the new accusatory pleading has been delivered.[1]

The judgment is reversed and the matter remanded with directions to reinstate the information and proceed thereafter according to law.

Sparks, J., and Callahan, J., concurred.

Respondent's petition for review by the Supreme Court was denied April 16, 1997. Mosk, J., Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.

---

[1] Penal Code section 1387 provides a defendant with adequate safeguards against prosecutorial abuse of the right to refile dismissed charges.