[No. B127577. Second Dist., Div. Five. Dec. 2, 1999.]

THE PEOPLE, Plaintiff and Appellant, v.
ASSAF OIKNINE, Defendant and Respondent.

COUNSEL

Gil Garcetti, District Attorney, Brent Riggs and William Woods, Deputy District Attorneys, for Plaintiff and Appellant.

Kevin Barry McDermott; Kopeny & Associates and William J. Kopeny for Defendant and Respondent.

## OPINION

**ARMSTRONG, J.**—The People of the State of California appeal from the trial court's order dismissing the indictment in this case pursuant to the Interstate Agreement on Detainers, codified in California in Penal Code section 1389.[1] This indictment contained five counts that had previously been filed against respondent Assaf Oiknine in *People v. Oiknine* (Super. Ct. L.A. County, No. BA151583) (case No. BA151583), plus six new counts. The People contend that the trial court erred in dismissing these six new counts.[2] We agree, and reverse that portion of the trial court's order dismissing counts 6 through 11 of the August 25, 1998 indictment.

### Procedural Facts

In June, 1997, the People filed a complaint charging respondent with stalking, attempted extortion, making a terrorist threat, assault with a firearm, assault with a deadly weapon and perjury in case No. BA151583. On December 30, 1997, the Los Angeles Police Department requested Allenwood Federal Correctional Institution, where respondent was incarcerated, to file a detainer against respondent on the basis of a felony warrant in case No. BA151583. A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent. (*Carchman v. Nash* (1985) 473 U.S. 716, 719 [105 S.Ct. 3401, 3403, 87 L.Ed.2d 516].)

On February 24, 1998, the Los Angeles County District Attorney's office received respondent's request for disposition of the charges against him in case No. BA151583 pursuant to the Interstate Agreement on Detainers (18 U.S.C. Appen. 2, § 1 et seq.) (IAD).[3]

The IAD is an agreement among 48 states, the District of Columbia, Puerto Rico, the Virgin Islands, and the federal government that seeks to dispose of untried charges from states other than the one in which a prisoner

---

[1]All further statutory references are to the Penal Code unless otherwise specified.

[2]The People do not appeal from the trial court's dismissal of the five older counts which were originally filed in case No. BA151583.

[3]Both the LAPD's letter and respondent's request listed the pending charges as stalking, attempted extortion, making a terrorist threat, assault with a firearm, and assault with a deadly weapon. Both documents omitted the perjury charge.

is currently incarcerated. (*Carchman v. Nash, supra,* 473 U.S. at p. 719 [105 S.Ct. at p. 3403].) Article III of the IAD gives a prisoner incarcerated in one state the right to demand the speedy disposition of any untried indictment, information or complaint that is the basis of a detainer lodged against him by another state. (*Ibid.*)

Under the terms of the IAD, the People had until August 24, 1998 (180 days) in which to bring respondent to trial.

Federal authorities returned respondent to California on August 12, 1998.

On August 25, 1998, the grand jury issued a superseding indictment against respondent, under case No. BA109815. The indictment contained five of the six counts in case No. BA151583, plus six new charges. The new charges were perjury in an application for a driver's license, dissuading a witness by force or threat and four counts of eavesdropping.

On August 26, respondent filed a motion to dismiss all 11 charges in the indictment on the ground that he had not been brought to trial on those charges within the 180 days required by the IAD. The trial court agreed and dismissed all 11 counts in the indictment.

*Discussion*

1. *Jurisdiction*

■ Respondent contends that although orders of dismissal before trial are ordinarily appealable, we should rule that orders of dismissal pursuant to the IAD may only be reviewed by extraordinary writ.[4] We disagree.

In California, the IAD is codified in section 1389. There is nothing in section 1389 itself which requires the People to seek review by means of a writ.

Respondent has not cited, and we are not aware of, any case holding that a dismissal under the IAD must or should be reviewed by extraordinary writ. Respondent cites only one California case, *In re Blake* (1979) 99 Cal.App.3d 1004 [160 Cal.Rptr. 781], involving a dismissal pursuant to the IAD. *Blake* is an appeal from the trial court's order of dismissal.

---

[4]Respondent points out that appellant has not complied with California Rules of Court, rule 13, which requires a statement explaining why the order is appealable. Appellant specified in the notice of appeal that the order is appealable pursuant to section 1238, subdivisions (a)(1) and (a)(8). We therefore elect to disregard the defect in the brief. (Cal. Rules of Court, rule 18.)

Section 1238, subdivision (a)(1) and (8) expressly provides that both an order setting aside an indictment, information or complaint and an order dismissing an action before trial are appealable orders. We have no ability or desire to overrule these statutory provisions.

Respondent contends that the fact that the dismissal was under the IAD, the purpose of which is to promote speedy trials, necessitates that we require the People to seek review in the most expeditious manner possible, that is by extraordinary writ. We do not find this argument compelling. Orders of dismissal for violations of a defendant's speedy trial rights are routinely reviewed by appeal. (See, e.g., *People v. Eldridge* (1997) 52 Cal.App.4th 91 [60 Cal.Rptr.2d 400] [3d Dist.]; *People v. Martinez* (1995) 37 Cal.App.4th 1589 [44 Cal.Rptr.2d 673] [6th Dist.]; *People v. Belton* (1992) 6 Cal.App.4th 1425 [8 Cal.Rptr.2d 669] [1st Dist.]; *People v. Perez* (1991) 229 Cal.App.3d 302 [279 Cal.Rptr. 915] [2d Dist., Div. 4]; *People v. Vila* (1984) 162 Cal.App.3d 76 [208 Cal.Rptr. 364] [2d Dist., Div. 7].)

### 2. *Mootness*

Respondent also contends that this appeal is moot because he has now been returned to federal custody, rendering the entire indictment in No. BA109815 a legal nullity, which cannot be revived even if we find that the trial court erred in dismissing part of that indictment. We disagree.

Respondent relies on the last sentence of article III, subdivision (d) of the IAD, which states: "If trial is not had on any indictment, information or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."[5] (§ 1389, art. III, subd. (d).)

We question whether article III, subdivision (d) applies to the six new charges against respondent. However, we need not reach this issue because respondent waived the protection of article III, subdivision (d) by filing a petition for habeas corpus requesting that he be returned to federal custody

---

[5]Respondent also points to this subdivision as a reason the People should be required to seek review of an IAD dismissal by extraordinary writ. A writ, respondent reasons, can be decided in a few days while the defendant remains in the receiving state. During the lengthier process of an appeal, respondent contends, the receiving jurisdiction would have to return the defendant to the sending jurisdiction. This return, respondent concludes, would render the indictment, information, or complaint null and an appeal moot. We need not reach this issue, since respondent filed a petition for writ of habeas corpus requesting a return to federal custody concurrently with his motion to dismiss, thereby waiving the protection of article III, subdivision (d) and making his return to California for trial after this appeal possible.

forthwith. (*People v. Williams* (1987) 194 Cal.App.3d 124, 132 [239 Cal.Rptr. 375]; *United States v. Black* (9th Cir. 1979) 609 F.2d 1330, 1334 [request to return to sending jurisdiction waives IAD, art. III, subd. (d) protections; no requirement that relinquishment of rights be knowing and intentional]; see also *State v. Grizzell* (Fla.Dist.Ct.App. 1981) 399 So.2d 1091, 1092-1093 [when defendant is returned to sending state pending resolution of state's appeal of dismissal, public policy reasons preclude application of IAD, art. III, subd. (d) to prevent trial after reversal of dismissal].)

3. *Dismissal*

 Appellant contends that the trial court erred in dismissing the six new charges against respondent, which were brought for the first time by the August 25 indictment. We agree.

 In California, the IAD is codified in section 1389. However, the agreement is a congressionally sanctioned interstate compact within the compact clause, United States Constitution, article I, section 10, clause 3, and thus is a federal law subject to federal construction. (*Carchman v. Nash*, *supra*, 473 U.S. at p. 719 [105 S.Ct. at p. 3403].) Substantial weight should be given to the views of state courts in construing the agreement's provisions. (*U.S. v. Coffman* (10th Cir. 1990) 905 F.2d 330, 333.)

 The relevant provision of the IAD is article V, subdivision (c), which provides in pertinent part: "[I]n the event that an action on the indictment, information or complaint *on the basis of which the detainer has been lodged* is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect." (§ 1389, art. V, subd. (c), italics added.)

Appellant points out, correctly, that there is no California case law addressing the issue before us.[6] Appellant also contends, correctly, that the language of the IAD is clear, and that its speedy trial provisions apply only

[6]To the extent that respondent contends that *In re Blake*, *supra*, 99 Cal.App.3d 1004 addresses this issue, respondent is mistaken. There is no discussion in *Blake* of new charges which were not the subject of the original detainer. Rather, *Blake* is concerned with the dismissals and refilings of the charge which was the subject of the original detainer. When the People refiled the same charge a third time, the defendant moved for dismissal under the IAD on the ground that he had not been brought to trial within the time required under the IAD after the filing of the detainer. The court held that the limitations period of the IAD began to

to indictments, informations or complaints *which form the basis of the detainer.*

Here, however, literal compliance with the IAD is not possible. The complaint which formed the basis of the detainer was the five-count complaint filed in case No. BA151583. That complaint was superseded by the indictment and no longer existed when respondent made his motion to dismiss. Thus, the court could not dismiss that "complaint" with prejudice. The indictment in case No. BA109815, which was pending when respondent filed his motion to dismiss, did not exist at the time the detainer was lodged and so could not have been the basis for that detainer.

We find that a dismissal with prejudice of the five counts from the original complaint (BA151583) which were incorporated into the superseding indictment (BA109815) would have satisfied the requirements of the IAD. We see nothing in the IAD to suggest that new charges which were not specified in the detainer can or should be dismissed along with the older charges which were listed in the detainer.

At least two other courts have reached the same conclusion under similar circumstances. In *Parker v. U.S.* (D.C.App. 1991) 590 A.2d 504, a detainer was lodged against the defendant on the basis of a two-count complaint filed in the District of Columbia. The defendant requested a speedy trial under the IAD, and was delivered to the district for trial. While the defendant was awaiting trial, the original two-count complaint was incorporated into a superseding five-count complaint. The defendant then moved to dismiss the entire indictment on the ground that he had not been brought to trial within the time required by the IAD. The Court of Appeal affirmed the trial court's dismissal of only the two counts from the original complaint, finding that the IAD applied only to complaints which formed the basis of the detainer and not to "inchoate matters with respect to which no court proceedings" had begun at the time the detainer was lodged. (*Id.* at p. 508.)

In *United States v. Sanders* (9th Cir. 1982) 669 F.2d 609, after a one-count complaint was dismissed for failure to comply with the speedy trial provisions of the IAD, the prosecution filed a new complaint containing the dismissed count, plus two new counts. The defendant moved to dismiss the entire complaint. The Ninth Circuit Court of Appeal affirmed the trial court's decision to dismiss only the one older count. The Ninth Circuit recognized that the two new counts were related to the older count and were known to the prosecution at the time the earlier complaint was filed, but found that this circumstance was not a ground to dismiss the new counts. The court found that there was "simply no support in either the language or

---

run when the defendant first requested trial of the charge, and that the intervening dismissals and reinstatements of that charge did not toll or restart the limitations period.

legislative history of the [IAD] for" the defendant's claim that the two new counts should be dismissed. (*Id.* at p. 610.)

Numerous state and federal courts have reached similar conclusions, finding that charges not listed in the detainer are not subject to the speedy trial provisions of the IAD. (*Com. v. Boyd* (1996) 451 Pa.Super. 404 [679 A.2d 1284, 1287] ["even an outstanding indictment in another state generates no [IAD] rights in and of itself; the key is the lodging of a detainer based on that untried indictment"]; *Espinoza v. State* (Tex.App. 1997) 949 S.W.2d 10, 12 ["[b]y its terms, [IAD] limits dismissal to a charge forming the basis of the detainer"]; *State v. Wells* (1994) 94 Ohio App.3d 48 [640 N.E.2d 217, 223] [IAD "relates only to charges contained in the indictment, information or complaint which served as the basis for the detainer" (italics omitted)]; *People v. Newton* (Colo. 1988) 764 P.2d 1182 [where two complaints are filed against defendant, but detainer filed as to only one complaint, second complaint is not subject to dismissal pursuant to speedy trial provisions of IAD].)

Respondent cites no cases which hold that the IAD requires, or even permits, the dismissal of charges which are filed after a detainer is lodged and a request for trial is made. Respondent contends only that the IAD's use of the term "pending" in the phrase "the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same" means that the current complaint must be dismissed in its entirety regardless of its contents. We do not find this argument persuasive. The first sentence of subdivision (c) makes it clear that the "indictment, information or complaint" referred to throughout that subdivision is the "indictment, information or complaint on the basis of which the detainer has been lodged." (§ 1389, art. V, subd. (c).) The phrase quoted by respondent simply identifies the court which has responsibility under the IAD for entering the order of dismissal.

To the extent that respondent contends that the purpose of the IAD, that is to ensure a speedy trial, prohibits what respondent characterizes as "piecemeal prosecution," we disagree. As the court in *Parker* explained: "The prisoner cannot by filing [a speedy trial] request force the government to any premature decision whether or not to instigate formal charges against him. The prisoner's rights under the IAD do not extend so far. While it is true that the IAD's provisions are to be 'liberally construed,' . . . this does not warrant a disregard of the clear language and structure of the IAD." (*Parker v. U.S., supra,* 590 A.2d at p. 508.)

*Disposition*

That portion of the trial court's order dismissing counts 6 through 11 of the August 25, 1998 indictment is reversed. This matter is remanded to the trial court for further proceedings.

Grignon, Acting P. J., and Godoy Perez, J., concurred.

Respondent's petition for review by the Supreme Court was denied March 15, 2000.