Filed 3/6/13  P. v. Perry CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>STEVEN PAUL PERRY,<br><br>  Defendant and Appellant. | 2d Crim. No. B241663<br>(Super. Ct. No. 2009025996)<br>(Ventura County) |

Steven Paul Perry appeals a judgment following his conviction of three counts of indecent exposure, with findings of prior indecent exposure convictions and service of four prior prison terms.  (Pen. Code, §§ 314, subd. 1, 667.5, subd. (b).)[1]

We appointed counsel to represent Perry in this appeal.  After examination of the record, counsel filed an opening brief raising no issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)  We advised Perry that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal.  On January 16, 2013, we received a response from him contending that the trial court erred by:  1) denying his motion to dismiss the prosecution for lack of a speedy trial, and 2) permitting evidence of his six prior convictions for indecent exposure.  Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 123-124, we present a factual and procedural summary of the case and a brief discussion of Perry's contentions.

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

*FACTS AND PROCEDURAL HISTORY*

On July 29, 2009, the Ventura County prosecutor charged Perry by felony complaint with three counts of indecent exposure with prior indecent exposure convictions. (§ 314, subd. 1.) The three counts concerned incidents occurring in May and June 2009 at a Ventura college and a Camarillo library.

On June 16, 2009, Perry was arrested in Los Angeles County for an act of indecent exposure committed at the University of California. On July 23, 2009, he was convicted of indecent exposure and sentenced to three years imprisonment. (§ 314, subd. 1.) Prior to Perry's imprisonment, his parole officer notified Ventura County law enforcement that Perry was in custody. Ventura police officers then traveled to Los Angeles and met with Perry, who invoked his rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436. Subsequently a warrant issued for Perry's arrest, but he was not prosecuted in Ventura County until his release from prison in January 2012.

On February 17, 2012, the Ventura County prosecutor filed an information charging Perry with three counts of indecent exposure. The information also alleged that Perry suffered prior indecent exposure convictions and served four prior prison terms.

On April 18, 2012, Perry filed a motion to dismiss the prosecution for lack of speedy prosecution. He argued that he suffered prejudice from the delay because he lost the opportunity for sentencing consecutive to the Los Angeles County conviction. The trial court relied upon *People v. Lowe* (2007) 40 Cal.4th 937, 945-946, and denied the motion.

At trial, the victims in each of the charged counts testified that Perry sat near them in the college or public library and began masturbating. Later, they identified Perry in photographic lineups. The public library security videotape also reflected Perry entering the library and walking near the area where the victims were sitting.

The jury convicted Perry of the charged counts. In a separate proceeding, he admitted serving four prior prison terms within the meaning of section 667.5, subdivision (b). The trial court sentenced Perry to a two-year midterm for count 1, eight months consecutive for count 2, and eight months consecutive for count 3, plus four years

2

for the four prior prison terms served, for a total of seven years four months. The court imposed a $720 restitution fine, a $720 parole revocation restitution fine (stayed), ordered victim restitution, and awarded Perry 193 days of presentence custody credit. (§§ 1202.4, 1202.45.)

*DISCUSSION*

*I.*

For several reasons, the trial court did not err by denying Perry's motion to dismiss the prosecution for lack of a speedy trial. First, Perry did not demand a speedy trial during his imprisonment pursuant to section 1381. Section 1381 provides that a defendant currently serving a sentence may demand resolution of a pending case within 90 days or have the pending action dismissed. A proper demand is made by delivering "written notice of the place of his or her imprisonment . . . and his or her desire to be brought to trial or for sentencing." (§ 1381.) During Perry's imprisonment, an active warrant for his arrest in the present case existed and was noted in his prison records.

Second, our Supreme Court has held that a defendant's claim that a pretrial delay has prejudiced his ability to obtain a lesser sentence is not a cognizable ground to claim a constitutional speedy trial or due process violation. (*People v. Lowe*, *supra*, 40 Cal.4th 937, 945-946.) "Consistent with the[] decisions construing the *federal* Constitution's right to a speedy trial, we reject defendant's contention that under the *California* Constitution's speedy trial right, a pending criminal charge must be dismissed solely because the delay in bringing the defendant to trial has cost the defendant the chance to serve the sentence on that charge concurrently with the sentence in another case." (*Id.* at p. 945.)

*II.*

The trial court did not abuse its discretion by permitting evidence of Perry's prior convictions for indecent exposure. Evidence Code section 1108, subdivision (a) provides: "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to [Evidence

3

Code] Section 352." The trial court expressly considered Evidence Code sections 1108 and 352 and ruled that evidence of Perry's six prior indecent exposure convictions was admissible. The court also instructed with CALCRIM No. 1191 limiting the jury's consideration of the prior convictions as proof of Perry's guilt in the present case.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

4

Bruce A. Young, Judge

Superior Court County of Ventura

_____


Stephen K. Dunkle, under appointment by the Court of Appeal, for Defendant and Appellant.


No appearance for Plaintiff and Respondent.