Filed 1/25/22  P. v. Hernandez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ESPERANZA ANN HERNANDEZ,<br><br>        Defendant and Appellant. | C092871<br><br>(Super. Ct. No. STKCRFDV20170001696) |

On December 15, 2016, defendant Esperanza Ann Hernandez and the victim, her boyfriend, were driving in defendant's car.  They had been drinking and they argued.  Although they were on the freeway, at one point, the car stopped, the victim got out, and defendant struck the victim with her car and drove off.  A jury found defendant guilty of driving under the influence of alcohol causing injury.

Defendant's only contention on appeal is that the trial court erred in denying her motion to dismiss the charges based on the violation of her speedy trial rights under the California Constitution.  She asserts she sustained actual prejudice in the 17-month delay

1

between the filing of the criminal complaint and her arrest. In asserting she established actual prejudice, defendant relies on the fact that she no longer owns the vehicle, which, she asserts, contained relevant evidence and that her memory of the incident has faded.

We affirm. We conclude the trial court did not abuse its discretion in denying the motion.

## BACKGROUND

On January 27, 2017, the prosecution filed a complaint charging defendant with assault with a deadly weapon not a firearm (Pen. Code, § 245, subd. (a)(1); count 1) and driving under the influence of alcohol or drugs causing injury (Veh. Code, § 23153, subd. (a); count 2). Defendant was arrested on or about June 5, 2018. She was arraigned on June 13, 2018. On January 8, 2019, the prosecution filed an information charging her with the same counts charged in the complaint.

### The Prosecution's Case

The victim was defendant's boyfriend. They had been living together. On December 15, 2016, they had been drinking and driving around. Defendant was driving. They began to argue. The victim said he did not want to be with defendant anymore. Defendant stopped in the middle of the freeway and the victim got out of the car. The victim slammed the door and started walking. The next thing the victim remembered was waking up in the hospital.

A tow truck operator observed a silver Honda Accord stopped on Interstate 5. He saw two people outside of the vehicle. One of the people ran towards the freeway shoulder. The Honda then started moving "[f]aster than normal." The Honda struck the person who had run towards the shoulder, turned violently left, and drove off.

California Highway Patrol Officer Jason Palmer found the victim lying on the shoulder of the freeway. He was conscious, obviously injured, and he appeared to be intoxicated. The victim was transported to the hospital. He sustained a fractured skull, a broken elbow, and other injuries.

On December 21, 2016, Officer Palmer located defendant's Honda Accord. The passenger side of the windshield had a circular fracture, and the passenger side mirror was dangling from wires. There were also "specks of blood" on the dashboard. Palmer photographed the car, including the blood on the dashboard. On December 23, 2016, Palmer met with defendant. Palmer did not observe any bruising or injuries on defendant.

The victim denied hitting defendant. He also denied ever driving the vehicle that night.

*The Defense Case*

A motorist on Interstate 5 had to swerve to avoid a car stopped on the freeway. She saw a man outside of the car punching the window.

Defendant's friend testified defendant came to her house at about 2:00 a.m. on December 16, 2016. She was crying and bleeding from the face, forehead, and around the nose, and she was holding her stomach. She "had a bunch of bruises."

Defendant testified that, after she and the victim had been drinking, the victim began to drive them home while she was in the passenger seat. They began to argue because defendant was pregnant and the victim wanted her to have an abortion. The victim punched defendant repeatedly in the face and the car spun out. The victim got out of the car, screamed at defendant, and punched the car. Defendant was scared, ran around the car, got into the driver's side, and drove off. She denied hitting the victim with the car. She heard a thump, but thought defendant had punched the car again.

*The Prosecution's Rebuttal*

When Officer Palmer spoke with defendant on December 23, 2016, she told him that on the day of the incident she and the victim had been drinking at multiple bars. They were both "very drunk." When Palmer asked her to elaborate, she said she had been "borderline blackout drunk."

3

*Verdict and Sentence*

A jury found defendant guilty of driving under the influence of alcohol causing injury. (Veh. Code, § 23153, subd. (a).) The jury could not reach a verdict on count 1, assault with a deadly weapon not a firearm (Pen. Code, § 245, subd. (a)(1)), and the trial court dismissed that count. The trial court suspended sentence and imposed five years of formal probation. The court imposed six months in county jail and stated it would recommend home detention, electronic monitoring, or an alternative work project.

## DISCUSSION

*Procedural Background of the Speedy Trial Motion*

Defendant filed a motion to dismiss the charges for violation of her speedy trial rights under the California Constitution. Defendant asserted her state speedy trial rights attached on January 27, 2017, when the prosecution filed the criminal complaint. She further asserted she had suffered prejudice as a result of the almost 17-month delay between the filing of the criminal complaint and her arrest. She stated her memory of the incident had faded and she was "not able to recall what happened that day due to the fact that a significant amount of time ha[d] passed and she [did] not have any notes that she could use to refresh her recollection."

The prosecution opposed defendant's motion, asserting defendant had not shown actual prejudice resulting from the delay. The prosecution asserted defendant's alleged inability to recall the events was "not a consequence of any delay in bringing the case to trial but is a result of Defendant's alcohol consumption on that night." The prosecution emphasized defendant had reported to law enforcement eight days after the incident that she drank a lot that night and that she was " 'very drunk' " to the point of being "borderline 'blackout drunk.' " Defendant also stated "numerous times that she cannot remember the incident clearly due to her being under the influence of alcohol."

In a subsequently filed memorandum of points and authorities, defendant added that she was prejudiced because she no longer had the Honda Accord and could not

4

locate it. Thus, the blood on the dashboard could not be tested. Defendant asserted the blood would corroborate her account that the victim was the driver at the time the vehicle stopped on the freeway. The prosecution responded defendant had not established the relevance of needing to have the blood from the dashboard tested or the particular defense to which that would be relevant.

At oral argument in the trial court, the prosecutor offered that the only reason for the delay was lack of manpower.

With regard to defendant's fading memory, the court noted the prosecution's response indicating that, eight days after the incident, defendant said she could not remember what happened. Based on that, the court stated that it "won't find that that's actual prejudice."

Defense counsel asserted the issue of the blood on the vehicle dashboard was the main allegation as to actual prejudice. She asserted it was defendant's blood on the dashboard, "which obviously goes to the necessity to drive, so it would be a defense to some of the charges as well as . . . it backs up her version of events that he was beating her and she had to get out of there and get off the freeway."

The prosecution's position was that the blood was the victim's, not defendant's. The prosecutor also asserted law enforcement observed defendant eight days after the incident and observed no injuries.

The trial court concluded: "I'm still having a hard time trying to figure out how the testing of the blood, even if it were [defendant's] blood . . . . But I don't see how that would prove or disprove whether she — it will only prove that she was either in the passenger seat at some point prior to the actual alleged criminal act. So I don't find it to be — I don't think you've met the actual prejudice. . . ." The trial court denied defendant's motion.

5

*Defendant's Contentions*

Defendant asserts the trial court erred in denying her motion to dismiss the charges based on violation of her right to a speedy trial under the California Constitution. Defendant asserts the 17-month preaccusation delay was unjustified and resulted in actual prejudice. Evidence was lost during the delay, including her own faded memory and the Honda Accord. She asserts the vehicle contained "vital evidence showing [her] blood splattered on the dashboard . . . ." This evidence would have supported her testimony that the victim assaulted her in the vehicle, which, in turn, would have supported her necessity defense.

*Analysis*

"The defendant in a criminal cause has the right to a speedy public trial . . . ." (Cal. Const., art. I, § 15.) "Unlike its federal counterpart, the speedy trial guarantee under the state Constitution is triggered by the filing of a felony complaint. Hence, such a violation may be premised 'on delay occurring after the filing of the complaint and before the defendant was held to answer the charge in superior court.' " (*People v. DePriest* (2007) 42 Cal.4th 1, 27.)

"[U]nlike other constitutional rights afforded the accused, deprivation of the right to a speedy trial 'may work to the accused's advantage,' as '[d]elay is not an uncommon defense tactic.' [Citation.] 'Thus, unlike the right to counsel or the right to be free from compelled self-incrimination, deprivation of the right to speedy trial does not *per se* prejudice the accused's ability to defend himself.' " (*People v. Williams* (2013) 58 Cal.4th 197, 233, quoting *Barker v. Wingo* (1972) 407 U.S. 514, 521 [discussing the federal right to a speedy trial].)

"[W]hen the claimed speedy trial violation is not also a violation of any statutory speedy trial provision, this court has generally required the defendant to affirmatively demonstrate that the delay has prejudiced the ability to defend against the charge. [Citation.] In particular, we have held that when a defendant seeks dismissal based on

6

delay after the filing of the complaint and before indictment or holding to answer on felony charges, a court must weigh 'the prejudicial effect of the delay on defendant against any justification for the delay.' " (*People v. Martinez* (2000) 22 Cal.4th 750, 766-767.) "If the alleged delay occurs prior to the filing of an indictment or information, there is no presumption [of prejudice] and a three-step analysis is employed to determine whether the defendant's rights have been violated. First, the defendant must show he [or she] has been prejudiced by the delay. Second, the burden then shifts to the prosecution to justify the delay. Third, the court balances the harm against the justification." (*People v. Dunn-Gonzalez* (1996) 47 Cal.App.4th 899, 911.)

"Prejudice may be shown by ' "loss of material witnesses due to lapse of time [citation] or loss of evidence because of fading memory attributable to the delay." ' " (*People v. Cowan* (2010) 50 Cal.4th 401, 430 (*Cowan*), quoting *People v. Catlin* (2001) 26 Cal.4th 81, 107 & *People v. Morris* (1988) 46 Cal.3d 1, 37; accord, *People v. Lowe* (2007) 40 Cal.4th 937, 946, fn. omitted ["we hold that a defendant claiming a speedy trial violation under the California Constitution must show that the delay has impaired the ability to defend against the charged crime because, for instance, a witness has become unavailable, evidence has disappeared, or the memory of a potential witness has faded"].)

On appeal, we review a trial court's ruling on a defendant's motion to dismiss charges on state speedy trial grounds for abuse of discretion. (*Cowan, supra*, 50 Cal.4th at p. 431.) We defer to the trial court's underlying factual findings if they are supported by substantial evidence. (*Ibid.*)

With regard to defendant's faded memory, in *Serna v. Superior Court* (1985) 40 Cal.3d 239, the defendant submitted a declaration that he had "no independent recollection of his activities" on one of the days the crime was allegedly committed. (*Id.* at p. 247.) Our high court concluded this declaration was insufficient to establish actual prejudice. (*Id.* at p. 250.) "[T]he court need not accept a conclusory statement that the lack of recall demonstrates prejudice where no effort has been made to ascertain the basis

7

for the charge.  Lack of recall may establish prejudice, but only on a showing that the memory loss persists after reasonable attempts to refresh recollection.  'The showing of actual prejudice which the law requires must be supported by particular facts and not . . . by bare conclusionary statements.' " (*Ibid.*)

Defendant here claims, in somewhat conclusory fashion, that she does not recall the events because a significant amount of time has passed.  She did assert she does not have any notes with which she could refresh her recollection.  However, she offers nothing further on efforts to refresh her recollection.

In any event, regardless of the potential shortcoming based on defendant's failure to detail her efforts to refresh her recollection, we conclude the trial court's determination that defendant did not establish actual prejudice based on her faded memory is otherwise supported by substantial evidence.  Eight days after hitting defendant with her car, defendant reported to Officer Palmer that she had been " 'very drunk' " at the time of the incident, to the point that she was "borderline 'blackout drunk.' "  In a statement defendant prepared for Palmer at that time, she stated she could not remember the incident clearly because she was under the influence of alcohol.  Based on these representations, substantial evidence supports the trial court's conclusion that defendant's faded memory was not " ' "attributable to the delay." ' " (*Cowan, supra*, 50 Cal.4th at p. 430; *People v. Catlin, supra*, 26 Cal.4th at p. 107; *People v. Morris, supra*, 46 Cal.3d at p. 37.)

Defendant's contention concerning the blood on her vehicle's dashboard fares no better.  Defendant asserts this case essentially came down to a "swearing match," and that proof that the blood on the dashboard was hers, not the victim's, "would have tipped the scales in" her favor.  We disagree.  As the trial court concluded, proof that there were specks of defendant's blood on the dashboard on the passenger side could have had a tendency in reason to prove that, at some indeterminate time, defendant may have been sitting there and bled.  Arguably, such evidence could have a tendency in reason to prove

8

the victim hit her as she maintained. However, this evidence was not relevant to whether defendant hit the victim with her vehicle, did so on purpose or by accident, or that she drove off, hitting the victim after he got out of the car, out of necessity.

Even if this evidence could have some relevance to necessity, as a corroborating background fact, defendant has not shown the delay caused actual prejudice in that the unavailability of the evidence "impaired [her] ability to defend against the charged crime . . . ." (*People v. Lowe, supra*, 40 Cal.4th at p. 946.) The absence of evidence of whose blood was on the vehicle dashboard would not prevent defendant from presenting evidence she had been in the passenger seat; the victim struck her repeatedly; and, when he got out of the car, she felt the necessity to drive away. She could still testify to this effect, which she did. Defense counsel could still emphasize in closing argument defendant's account, as well as photographs taken by Officer Palmer showing specks of blood on the dashboard, which she did. The defense could still present the testimony of an additional witness to corroborate aspects of defendant's account by testifying she saw a man outside a car punching the window, which it did. Defense counsel could still argue the necessity defense to the jurors, which she did, and could request that the jurors be instructed with CALCRIM No. 3403 on that defense, which they were. We conclude defendant did not suffer actual prejudice from the delay based on the unavailability of her vehicle and the blood specks on its dashboard.

"If defendant fails to show prejudice, the court need not inquire into the justification for the delay since there is nothing to 'weigh' such justification against." (*People v. Dunn-Gonzalez, supra*, 47 Cal.App.4th at p. 911.)

The trial court did not abuse its discretion in denying defendant's motion to dismiss the charges based on violation of defendant's speedy trial rights under the California Constitution.

9

## DISPOSITION

The judgment is affirmed.

                                         \s\
                                    BLEASE, Acting P. J.

We concur:

\s\
MAURO, J.

\s\
RENNER, J.