Filed 11/21/22  P. v. Kloster CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEPHEN KLOSTER,<br><br>    Defendant and Appellant. | A164557<br><br>(City & County of San Francisco Super. Ct. No. 232289) |

Defendant Stephen Kloster appeals a judgment convicting him of misdemeanor battery. Defendant contends his conviction must be reversed because he was denied his federal Sixth Amendment and California constitutional and statutory rights to a speedy trial. We find no prejudicial error and affirm the judgment.

**Background**

On December 6, 2019, defendant was charged by information with, among other things, one count each of assault with force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)), elder abuse likely to produce great bodily injury (§ 368, subd. (b)(1)) and false imprisonment of an elder (§ 368, subd. (f)).[2]

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

[2]     An additional charge of attempted criminal threats (§§ 422, 664) and enhancement allegations for the infliction of great bodily injury (§ 12022.7, subd. (a)) were dismissed prior to trial.

1

At his arraignment on December 16, defendant declined to waive his speedy trial rights. The trial court determined that under section 1382, the trial was required to commence by February 14, 2020.[3] On February 10, 2020, the trial court found good cause to continue the trial to February 21 on the prosecutor's motion, based on the unavailability of a witness.[4] Four days later, defendant entered a general waiver of his speedy trial rights.

On August 4, defendant withdrew his general time waiver, and the court set the latest trial date of October 5, 2020. Defendant, who had been in custody since his arrest in November 2019, was released on his own recognizance at this time.

On September 9, the trial court granted defendant's request for mental health diversion. Trial was continued during the pendency of defendant's diversion until it terminated unsuccessfully on February 3, 2021.

On February 5, defendant was remanded into custody and again declined to enter a general time waiver. The court identified the last date for trial under section 1382 as April 6, 2021.

---

[3] Section 1382, subdivision (a) prescribes certain time periods within which an accused must be brought to trial. The statute provides that, in a felony case, "the court shall dismiss the action when a defendant is not brought to trial within 60 days of his or her arraignment on an indictment or information, unless (1) the defendant enters a general waiver of the 60-day trial requirement, (2) the defendant requests or consents (expressly or impliedly) to the setting of a trial date beyond the 60-day period (in which case the defendant shall be brought to trial on the date set for trial or within 10 days thereafter), or (3) 'good cause' is shown." (*People v. Sutton* (2010) 48 Cal.4th 533, 545; § 1382, subd. (a)(2).)

[4] Defendant then moved to dismiss the charges, arguing that his speedy trial rights were violated because the continuance was not based on good cause. The court denied the motion. Defendant does not challenge the denial of this motion on appeal.

On April 6, the court found good cause to continue the trial "due to exceptional and extraordinary circumstances, under Federal, State and Local emergency proclamations and in consideration of public health due to the Covid-19 pandemic." Trial was set for June 18, 2021. Continuing to rely on the Covid-19 pandemic as good cause, the trial was continued twice more over defendant's objection, first to August 20, 2021, and then to December 15, 2021.

After the second continuance, defendant again filed a motion to dismiss based on speedy trial grounds. Defendant argued that the pandemic no longer constituted good cause for the continuance because the San Francisco Superior Court was no longer under pandemic-related restrictions and because the court was failing to move through its backlog of cases as expeditiously as other local courts. The trial court denied the motion. The court explained, "I appreciate that we've had some trial courtrooms that have not been utilized, but I think if you go through the documents that I have taken judicial notice of supplied by the Public Defender's Office that it should be noted that the sequence of those cases is in order of last days. And we are going through in order of last days to have an orderly way of getting through the backlog of no time waiver cases. [¶] And it should be noted that since we reopened our trial courtrooms mid-June with the lifting of the social distancing, we have sent out 97 cases, we've advanced them to go out to trial, and 68 of those were settled, dismissed or continued at trial call. We did send out another 18, and 13 of those were settled or dismissed or continued after spending time in the courtroom, some for a considerable period of time. And that meant that those trial courtrooms opened up, but because we're advancing them in an orderly way and . . . we are advancing them with two weeks' notice so everyone can be ready. [¶] There has been some delay in

3

getting them refilled because of the inordinate amount of cases that have been settled, dismissed or continued. As a result of that, beginning in September we started advancing even more cases on a two-week basis so that we could get trial courtrooms filled up. [¶] So I understand the frustration, but there is a reason why trial courtrooms are not being filled." The court also noted that part of the delay stemmed from the fact that defendant asserted his speedy trial rights in February 2021, when the court was still in the "throes of the pandemic."

Trial commenced December 28, 2021.[5] On December 30, 2021, the court granted defendant's motion for acquittal on the false imprisonment charge. On January 5, 2022, the jury announced that it could not reach a verdict on the aggravated assault charge, acquitted defendant of elder abuse, and convicted him of the lesser included offense of simple battery (§ 242). The trial court granted a mistrial on the aggravated assault charge and granted the prosecutor's subsequent motion to dismiss that charge.

Defendant was sentenced to six months in jail against which the court applied 440 days of custody credits. Defendant timely filed a notice of appeal.

## Discussion

Both the state and federal Constitutions guarantee criminal defendants the right to a speedy trial "and both guarantees operate in state criminal prosecutions." (*People v. Martinez* (2000) 22 Cal.4th 750, 754, citing U.S. Const., 6th Amend.; Cal. Const., art. I, § 15, cl. 1.) Additionally, " '[t]o implement an accused's constitutional right to a speedy trial, the Legislature enacted section 1382.' " (*Burgos v. Superior Court* (2012) 206 Cal.App.4th 817, 825; see also *People v. Martinez, supra*, at p. 766 [section 1382 is

---

[5]     The underlying facts are irrelevant to the issue on appeal.

4

" 'supplementary to and a construction of' the state constitutional speedy trial guarantee"].)

To determine whether a speedy trial violation has occurred under the Sixth Amendment, we apply the balancing test set forth in *Barker v. Wingo* (1972) 407 U.S. 514, 530 (*Barker*) which consists of " 'four separate enquiries: whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result.' " (*People v. Williams* (2013) 58 Cal.4th 197, 233 (*Williams*).) The burden of demonstrating a speedy trial violation lies with the defendant. (*Ibid.*)

Defendant incorrectly contends that it is the People's burden to establish that the violation of his speedy trial right under the federal Constitution was harmless beyond a reasonable doubt under *Chapman v. California* (1967) 386 U.S. 18. Prejudice resulting from a delay in bringing a case to trial is an element of the speedy trial violation on which defendant bears the burden of proof. Although an uncommonly long delay in bringing a case to trial may give rise to a "presumption of prejudice" sufficient "to trigger the *Barker* enquiry," in balancing the *Barker* factors, the trial court must nonetheless consider whether defendant suffered unjustified prejudice as a result of the delay. (*Williams, supra*, 58 Cal.4th at pp. 234, 235–236.)[6]

---

[6] Once "a Sixth Amendment speedy trial violation has been established, reversal of a subsequent judgment of conviction and dismissal of the charge are necessary in every case. When unjustified prejudice to the defendant's ability to defend has been established there can be no question that reversal and dismissal are required." (*Serna v. Superior Court* (1985) 40 Cal.3d 239, 263.)

Defendant's claim under the federal Constitution may be rejected rather summarily. Defendant was brought to trial just over two years after the filing of the information in this case. The record establishes that a significant portion of the delay was at defendant's request or caused by the Covid-19 pandemic. Within three months of the filing of the information, defendant waived time so that his suitability for mental health diversion could be evaluated. The evaluation took approximately six months. Then, for five months, the matter was continued so that defendant, who was then released from custody, could participate in mental health diversion. When defendant's diversion was terminated in February 2021, the courts were operating at reduced volume due to the pandemic. After the courts were fully opened in late June 2021, defendant's case was tried within six months. Thus, aside from the portion of the delay caused by defendant's participation in mental health diversion and the approximately five months during which the courts were operating under pandemic restrictions, the delay in bringing the case to trial is at most six months. And some portion of that period was justified as the court worked through the backlog of cases that had accumulated during the pandemic. Defendant has not established that he suffered any significant prejudice as a result of that minimal delay.

"Whether defendant suffered prejudice as a result of the delay must be assessed in light of the interests the speedy trial right was designed to protect: '(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.' " (*Williams, supra*, 58 Cal.4th at p. 235, quoting *Barker, supra*, 407 U.S. at p. 532.) Defendant argues the delay was prejudicial because his pretrial incarceration was oppressive and anxiety inducing as a result of the risk of illness and pandemic restrictions, and

6

because the total time he served in custody before trial was more than the maximum sentence for the offense of which he was convicted. Defendant's pretrial incarceration during the pandemic was likely anxiety inducing, but six months of pretrial incarceration is far less than detentions that have been considered oppressive. (See *Williams, supra*, 58 Cal.4th at p. 235 [no speedy trial violation despite oppressive seven-year pretrial incarceration]; *People v. Tran* (2021) 62 Cal.App.5th 330, 353 [no speedy trial violation despite oppressive 11-year pretrial incarceration].) The fact that defendant served more time in custody than that to which he was ultimately sentenced is unfortunate, but defendant was facing three felony charges and was not held in custody longer than the period for which he faced potential imprisonment. Finally, and most importantly, defendant does not claim that he suffered any of "the 'most serious' type of prejudice, the inability to adequately prepare his defense." (*Williams, supra*, at p. 236.) Accordingly, on balance there was no violation of defendant's right to a speedy trial under the federal Constitution.

Defendant's challenge under the California Constitution and section 1382 fares no better. "Although a defendant seeking pretrial relief for a speedy trial violation is not required to make an affirmative showing of prejudice [citation], the situation is different after judgment. [Citations.] 'Upon appellate review following conviction, . . . a defendant who seeks to predicate reversal of a conviction upon denial of his right to speedy trial must show that the delay caused prejudice: this court, in reviewing the judgment of conviction, must "weigh the effect of the delay in bringing defendant to trial or the fairness of the subsequent trial itself." ' " (*People v. Lomax* (2010) 49 Cal.4th 530, 557.) As discussed above, defendant makes no such showing. (See *People v. Lowe* (2007) 40 Cal.4th 937, 946 [A "defendant claiming a speedy trial violation under the California Constitution must show that the

delay has impaired the ability to defend against the charged crime because, for instance, a witness has become unavailable, evidence has disappeared, or the memory of a potential witness has faded."].) Accordingly, we find no prejudicial violation of defendant's state speedy trial rights.

## Disposition

The judgment is affirmed.


POLLAK, P. J.

WE CONCUR:

BROWN, J.
GOLDMAN, J.